KNOWLES *v.* JOOST *et al.*

FINDING of a referee conclusive as to the facts, on conflicting evidence.
Under the Mechanics' Lien Act of 1856, the owner of a building may contract to pay for it as soon as completed; and he is not liable to material men, until notice served on him, and then only to the extent of the sum due the contractor, at the date of the notice.
*Quere*, whether the Act of 1858 establishes a different rule?

APPEAL from the Twelfth District.

Upon publication of notice under the Mechanics' Lien Act, a reference was made to report as to the various liens. The referee found for defendants—the owners and the contractor. Judgment was entered accordingly, a motion to set aside the report having been overruled. Plaintiff appeals.

*W. W. Chipman*, for Appellant.

I. This proceeding is in the nature of a foreclosure of a mortgage; the Supreme Court can review the facts found by the referee.

II. The referee was authorized generally to report the facts and a judgment. His whole report is therefore subject to a review. (*Phelps* v. *Peabody*, 9 Cal. 213; *Brock* v. *Bruce*, 5 Id. 270; *Cahoon* v. *Levy*, 6 Id. 295; *Tuttle* v. *Montford*, 7 Id. 358; *McGeary* v. *Osborne*, 9 Id. 119; Stat. 1850, 211; Stat. 1855, 156; Stat. 1856, Wood's Digest, 537; Stat. 225; N. Y. Stat. 1830, 412; N. Y. Stat. 1832, 181; 4th Ed. Vol. 2, N. Y. R. Stat. 740—742; Parson's Laws of Business, etc. 446; 12 Wend. 376; 4 Hill, 193.)

There is no provision, that the building shall be liable, only when the owner is indebted to the contractor. *Cahoon* v. *Levy*, (6 Cal. 295,) was decided under the Statute of 1856; and *Brennan & Batchelder* v. *Marsh et al.* (10 Cal.) was decided before the Act of 1856 took effect. (See *Brock* v. *Bruce*, 5 Cal. 279; *Tuttle* v. *Montford*, 7 Id. 358; *McGreary* v. *Osborne*, 9 Id. 119; 12 Wend. 376; 4 Hill, 193.)

*Pixley & Smith*, for Respondents, cited: *Cahoon* v. *Levy*, (6 Cal. 295,) as conclusive of the case, which comes under the law of 1856.

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to enforce a lien on a building for materials furnished the contractor, and used in the construction of the building.

The finding of the referee, which, as the evidence is conflicting, is conclusive as to the facts, shows that before notice of the lien was filed, or notice given to the owner of the building, he had fully paid to the contractor all that was due him upon the contract.

The Statute of 1856 intended that the liens of sub-contractors and material men, should be satisfied by the owner of the building, out of moneys due from him to the contractor, and the 3d Section authorizes him, upon being served with proper notice, "to withhold from the contractor, out of the first money due, or to become due, to him, under the contract, a sufficient sum to cover the lien claimed by such sub-contractor, journeyman, or other person, performing labor or furnishing materials, until the validity of the lien shall be determined by the proper tribunals, if it be contested." It was not the design of the Legislature to make him responsible, except upon notice, or to a greater extent, than the sum due to the contractor at the date of the notice. The statute furnishes to material men and sub-contractors, cheap, easy, and expeditious, means, of attaching in the hands of the builder any money due from him to the contractor, but does not prevent him from agreeing to pay for the work as soon as it is completed, or from complying with such agreement when made.

Whether a different rule was established by the Act of 1858, it is not necessary to inquire, as the construction of that Act was not involved in this case.

Judgment affirmed.