McALPIN v. DUNCAN et al.

Under the Mechanic's Lien Act of 1858, material-men, sub-contractors, etc., have a lien upon the property described in the act to the extent—if so much be necessary—of the contract price of the principal contractor; but they must give notice of their claims to the owner, or the mere existence of such claims will not prevent the owner from paying the contractor, and thereby discharging himself from the debt. By giving such notice, the owner becomes liable to pay the sub-contractor, material-men, etc., as on garnishment or assignment; but if the owner pay according to his contract, in ignorance of such claims, the payment is good.

Appeal from the Twelfth District.

The facts appear in the opinion.

*Crockett & Crittenden*, for Appellant.

*Caleb Burbank*, for Respondent.

McAlpin v. Duncan.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

A question arises in this case as to the liability of a party making a contract for the building, etc., of a house, with a contractor. The defendant, Tevis, entered into a written contract with the defendant, Duncan, by which Duncan agreed to erect on the lot of Tevis a dwelling house, according to certain plans and specifications, at his own expense, he furnishing all the labor and materials, etc.; and Tevis agreed to pay him $11,850 in installments. This sum, together with other sums due Duncan for extra work, Tevis paid without notice of indebtedness of Duncan to plaintiff and intervenors, for work, etc., and before any notice of lien had been filed. After Tevis had paid Duncan, plaintiff and intervenors filed notices of lien, and now seek in this action to enforce them. The materials were furnished to Duncan, and on his credit in the first place—he assuring the plaintiff of the purpose and use to which they were to be applied. The Court below found for the plaintiff and intervenors. The defendant, Tevis, appealed.

The question presented by the record is, whether the defendant, having paid the contractor in full before notice of the claims of these parties, can be compelled to pay a second time. The Mechanic's Lien Law was passed in 1856. That law was construed in a case involving the same facts in substance as these here, *Knowles* v. *Joost* (13 Cal. 620). In that case, we held that the payment to the principal contractor was good, when made before notice. But the construction of the Act of 1858 was left open; and this is now involved in the present decision. That act is amendatory of the Act of 1856. (See Acts of 1858, 225.) This act is not a little confused and difficult of satisfactory construction. If it were designed to give to the sub-contractor and laborer a lien upon the property of the owner for the entire amount of the last or sub-contract, without any regard to the amount of the principal contract, a very curious anomaly would exist, and the whole property of the owner might be placed at the discretion of the contractor, to be encumbered by him as he chose. Such laws, as we have held in this very class of cases, are to be strictly construed, as derogating from the common law. (See *Bottomly* v. *Grace Church*, 2 Cal. 90.)

We think all that can be gathered from this act, is that material-men, sub-contractors, etc., have a lien upon the property described in the act to the extent (if so much is necessary) of the contract price of the principal contractor; that these persons must give notice of their claims

to the owner, or the mere existence of such claims will not prevent the owner from paying the contractor, and thereby discharging himself from the debt; that by giving notice, the owner becomes liable to pay the sub-contractor, etc., (as on garnishment or assignment, etc.) but that if the owner pays according to his contract, in ignorance of such claims, the payment is good.

Unless this view is correct, the grossest absurdities appear. We have, in the first place, a valid contract, with nothing appearing against it, which yet cannot be enforced—a clear right of action on the part of the contractor, with no defense by the defendant, and yet which cannot be enforced; *or* which the plaintiff may enforce at law, and yet, if the defendant pays the money, with or without suit, he must pay it again. Innumerable liens may be created, without the knowledge of the owner, for which he might be held liable; while the owner could never pay anything until after long delays, whatever the terms of the contract, or the contractor's necessity for money, unless payment were made at the expense, or at the risk of the payor. Such a construction would lead to law-suits and difficulties innumerable. By the other construction, no injustice is done or confusion wrought. These sub-contractors, etc., have only to notify their claims to the owner, in order to secure them. If they, by their own laches, suffer the owner to pay over the money according to the terms of his contract, they ought not to complain; for it was by their own neglect of a very simple duty that the loss accrued; and it would be unjust to make the owner pay a second time because of that neglect.

Judgment reversed and cause remanded.