## STILLWELL and wife vs. ADAMS et al., Ex'rs.

1. CHANCERY PRACTICE: *Exhibits.*
   Exhibits are no part of the pleadings, and the failure to file them is not a proper ground of demurrer.

2. MORTGAGE: *Foreclosure before maturity of principal of debt.*
   A mortgage executed to secure a debt and interest, the latter being payable semi-annually, may be foreclosed before the maturity of the principal.

3. COMPLAINT IN EQUITY: *Must show the interest and liability of the defendant.*
   It is not sufficient to show the title and interest of the plaintiff in the subject matter of the suit; there must be such averments as show that the defendant also has an interest in the subject matter, and is liable to answer the plaintiff therefor.

4. MARRIED WOMAN: *How far her contracts bind her separate estate.*
   It is the established rule in England that the contracts of a married woman will be presumed to have been made in reference to her separate property, and therefore binding upon it, unless something to the contrary appears.

5. — SAME.
   In a majority of the United States a more limited rule is applied, and the contracts of married women are not enforced against their separate estate, unless they were made in reference thereto, or for their personal benefit.

6. — SAME.
   This court have adopted the rule which restricts the wife's power to contract, unless in direct reference to her separate property.

7. — SAME: *Averments necessary to charge the wife's separate property.*
   As a general rule, the wife has no power to contract, and if the pleader wishes to fix a liability upon her, to account out of her separate estate, he must state such facts as take his case out of the general rule, and fix the liability. And if such facts do not appear in the pleadings, no cause of action is made against her.

8. — SAME.
   This was a proceeding in chancery against husband and wife, to foreclose a mortgage executed by them jointly; there was no averment that the debt was intended to charge her separate property, or that

Stillwell and wife vs. Adams et al., Ex'rs.

she had a separate estate, or had any interest in the land conveyed other than such as was hers by virtue of the marital relation. *Held*, that a general demurrer was well taken to the complaint.

9. ACKNOWLEDGMENT OF DEED: *What the certificate of the wife's acknowledgment must show.*

It is not sufficient that the wife executes and delivers a deed, but to make it her act, she must do so without the undue influence of her husband, and must so declare upon privy examination in his absence, and this fact must be shown by the certificate of acknowledgment.

10. — SAME: *Effect of defect in the certificate of acknowledgment.*

Where the certificate failed to show the foregoing facts, the court had no evidence whatever upon which to render a decree against the wife.

APPEAL from *Pulaski* Chancery Court.

Hon. W. J. WARWICK, Chancellor.

*S. R. Cockrill*, for appellant.

*W. C. Ratcliffe*, contra.

WALKER, J. The executors of the estate of Keatts filed their bill in equity to foreclose a mortgage executed by Stillwell and wife, to secure the payment of a debt of $5,000 and interest.

A demurrer was filed to the bill, which was overruled, and without further defense, a decree was rendered against the defendants, from which they have appealed to this court.

The defendants contend that the bill is defective:

First. That no exhibit has been made of complainant's authority to sue.

Second. That no right of foreclosure has yet accrued on the mortgage.

Third. That the debt for which the mortgage was given is not due.

The first ground of demurrer taken, we think, was properly

overruled. The failure to file the exhibit was not properly ground for demurrer. The exhibit constituted no part of the pleadings, nor was it the ground for equitable relief. The letters testamentary could only be evidence of the right of action in the complainants, and if deemed important to the defendants, should upon motion have been filed.

The second and third grounds for demurrer are substantially the same. It is true that the note was not due until June, 1876. But the interest became due semi-annually, and there was due and payable according to the terms of the contract, more than $2,000, at the time the suit was brought. And the mortgage was given to secure the payment of the interest as well as the principal.

These being the only grounds specially set forth as cause of demurrer, under the code practice, all others are considered as waived, except such as are necessary to constitute a cause of action.

The remaining question, therefore, is: Have the complainants set forth such facts as entitle them to recover of the defendants, and for the relief prayed?

The complainants, with more than usual clearness and precision, show a right of action in themselves as executors, set forth the contract, the mortgage, the property conveyed, the terms and conditions of the mortgage, make it an exhibit, file a copy of it with the certificates of acknowledgment and record, state that the interest which has accrued, amounting to $2,051, is due and remains unpaid; with an appropriate prayer for judgment, that the equity of redemption be foreclosed, and the estate sold to pay the interest due; with a further prayer for further payment of interest, and finally for the principal debt when it shall become due.

We have deemed it unnecessary to set forth the several averments at greater length, because there is but one question

which can arise as to the sufficiency of the bill, which is: Have the complainants made such averments as are necessary to charge the defendant Laura E. Stillwell, who is sued as a *feme covert?*

It is not sufficient for complainants to show their own right of action; but they must, with apt averments, show the liability of the defendants to them.

Story, in his Equity Pleadings, p. 505, says: "It is not sufficient to show the title and interest of the plaintiff in the subject matter in the suit; but there must be such averments as show that the defendant also has an interest in the subject matter, and is liable to answer to him therefor."

Have the complainants shown that Laura E. Stillwell, a *feme covert*, has contracted a debt, or executed a deed, by force of which she has made herself liable to complainants? It is not questioned but that she signed the note and the mortgage deed intended to secure the payment of the debt; nor can it be questioned that, although a *feme covert*, she may, under certain circumstances and for certain purposes, so contract as to bind her separate estate. But for what consideration this note was given does not appear. The ownership of the land mortgaged is not disclosed. It is true, a *feme covert* may contract a debt by which she may bind her separate estate; but was such the case in this instance; had she an estate of her own to be charged? If not, her contract is void. Perry, in his work on Trusts, vol. 2, p. 253, after a lengthy review of the English decisions, says: "It is established in England that a wife's general contracts may be satisfied out of her separate estate, if they were entered into with reference to, or upon the faith and credit of such estate; and that the contract of a married woman, being a nullity unless made with reference to her separate estate, will be presumed by the court (unless something else appears) to be made in reference to her separate

estate, and therefore binding upon it." And says, further, that this rule has been sanctioned and adopted in the states of Connecticut, Maryland, North Carolina, Missouri, Florida and Georgia, whilst the states of New York, Vermont, Wisconsin, New Jersey, limit the power of contracting in relation to her separate estate, or for the benefit of such estate, or for her own personal benefit upon the faith and credit of such estate. Perry, 255. By this rule, the wife's general engagements, which have no reference at the time to her separate estate, or to her own benefit, cannot be enforced against such separate estate.

The same author, after a review of the decisions of the several courts of the states, says: "In a majority of the United States, a more limited rule was applied, and the contracts of married women were not enforced against their separate estates, unless their contracts were made in relation to their estates, or for their personal benefit, and the same principles are applied in enforcing contracts of married women under the statutes." Perry on Trusts, 279.

It will be perceived that the point of difference between the decisions of the courts of the several states is, that part of them have adopted the rule as held by the English courts, which give validity to the wife's contracts which have no reference to her separate estate, whilst the other states have limited the right of the wife to contract alone with regard to her separate estate, made for the benefit of her estate, or for her personal benefit. To the correctness of this more restricted right to contract, we yield our assent upon principle, and more particularly under the provisions of our constitution of 1868, under which this contract was made, because whilst it does enlarge the capacity of the *feme covert* to take and hold the estate, as her separate property, and also to devise and bequeath it, no power is given to sell or convey her separate estate, and with

the exception of her power to take and hold the estate, and to devise or bequeath it, she rests under the same disabilities as if no such constitutional provision had been made. The wife had no greater power to contract after, than she had before this constitutional provision was ordained. No remedy at law ever existed with regard to her contracts, even when made in reference to her separate estate. The remedy is not properly against the person, but is in equity, and upon equitable principles against her separate estate. The judgment or decree cannot bind her; but it is against the separate estate, which is laid hold of to satisfy a debt contracted upon the credit of it, or in regard to it, when made directly in reference to such estate.

The authorities cited by counsel to show that a contract made by a *feme covert*, apparently without reference to her separate estate, will be, by implication, taken as relating to the wife's separate estate, has been held applicable under the rule that the wife has general power to contract, but is inconsistent with the rule which we have adopted, which restricts the power to contract unless in direct reference to the wife's separate property.

As a general rule, the wife has no power to contract and bind herself, and if the pleader wishes to charge her, and fix a liability upon her, to account out of her separate estate, he must state such facts as take his case out of the general rule, and fix upon her such liability; and as these facts do not appear in the pleadings, no cause of action is made against the wife.

Newman, in his work on Pleading and Practice, p. 667, says: "It is not only necessary for the petition to show that the plaintiff has title or interest in the subject matter of controversy, but also that the defendant is liable. Thus if a married woman is sued for a debt, evidenced by a promissory

note executed by her when she is a *feme covert*, and the fact of
the coverture appears on the face of the petition, as she is not
by law bound by her contracts, nor liable to the plaintiff, she
may demur, unless the facts alleged in the petition also fur-
ther show a state of case in which she was authorized to bind
herself by the writing sued on."

And because in the case before us, no such averment is
made, nothing whatever to show that the note made was in-
tended to charge her separate property, or that she had a sep-
arate estate, or even that the lot of land conveyed by mort-
gage was hers, or that she had any interest in the same other
than such as is hers by virtue of the marriage relation, we
must hold that the demurrer was well taken. If in fact this
contract was intended to charge the separate estate of the wife,
an averment of the fact should be made.

The sufficiency of the acknowledgment of the deed is ques-
tioned, and must arise upon the trial of the cause, when the
deed is offered as evidence to support the allegation. And
when, as in this case, the cause is set for hearing upon the
complaint and the exhibits, before the court could proceed to
render a decree against the wife, it became necessary to see
whether she had in fact executed the mortgage; and at this
point we may notice the argument of complainant's counsel.

It is contended that although the certificate of acknowledg-
ment is not in compliance with the statute, as between the
parties to the deed, it was valid and binding, and as effectually
conveyed the estate by mere act of signing, sealing and deliv-
ery, as if acknowledged and recorded. In most instances this
is undoubtedly true, but then, when the deed is not acknowl-
edged, it must be proven to have been executed by the grant-
ors, and when an attempt is made to make this proof, as to
the fact of whether the wife executed the deed, the question
arises as to whether any other evidence of that fact can be re-

ceived, than that of her privy examination and voluntary acknowledgment that the deed is her voluntary, unrestricted act. The authorities touching this point are numerous. The case of *Landers v. Bolton*, 26 Cal., 408, is fully in point. SAWYER, J., who delivered the opinion of the court, said: "For the purpose of protecting the wife against fraud, coercion, and undue influence of any kind, the acknowledgment of the wife is made part of the deed itself, or, perhaps more properly speaking, an indispensable part of the evidence of its execution. To secure perfect freedom of action, the wife must be examined separate and apart from her husband, and even at the last moment, the right of retracting is secured to her. It must appear in the certificate of acknowledgment that she stated that she did not wish to retract. In her case the certificate cannot be made, as in others, upon proof by subscribing or other witnesses. The acknowledgment in person before the proper officer, and his certificate in the form prescribed by law, is the only evidence admissible that she ever executed the instrument. All other proof, in court or out, is incompetent."

The defect in the certificate in the case under consideration is, that it is not shown that the examination was taken in the absence of her husband, which is expressly required to be done by our statute. The acknowledgment was, for this defect, insufficient. It is not sufficient to show that she executed the deed, and delivered it, but to make the act hers, she must do so without the undue influence of her husband, and she must declare this fact upon privy examination, when freed from the restraint thrown around her by the presence of her husband.

As this proof was necessary to make her deed valid, in its absence, the court had no evidence whatever upon which to render a decree against her, and in no event could a decree

against her personally be rendered, as appears in this case to have been done.

For these errors, the decree of the court below must be reversed and set aside, and the cause remanded, with leave to the complainants to amend their bill if they choose to do so.