[No. 1005.]

## OLIVER LONKEY AND E. R. SMITH, APPELLANTS, *v.* FRANK COOK ET AL., RESPONDENTS.

MECHANICS' LIEN LAW—PAYMENTS TO CONTRACTOR—RIGHTS OF SUB-CON-
TRACTORS.—In construing the mechanics' lien law (Stat. 1875, 122):
*Held*, that the legislature intended to give sub-contractors and material
men direct liens upon the premises for the value of their labor and mate-
rials, regardless of payments on the principal contract made prior to the
time within which the law required a notice of their claim to be recorded.
(*Hunter* v. *Truckee Lodge*, 14 Nev. 24, affirmed.)

APPEAL from the District Court of the Second Judicial
District, Ormsby County.

The district court, as conclusions of law, found that the
defendants Cook and Miller were justly indebted to plaint-
iffs in the sum of two thousand seven hundred and eighty-
four dollars and sixteen cents, and to other lien claimants
in the sum of one hundred and sixty-three dollars and
ninety-eight cents, and that the defendant, the Carson Opera
House Association, was, at the time this suit was commenced,
and at the time the several claims of lien were made, and
now is, indebted to defendants Cook and Miller in the sum
of one thousand four hundred and seven dollars and sev-
enty-three cents. The court further found that the plaint-
iffs and the other claimants had each a valid lien against
the Carson Opera House building, but not to the full extent
of their several claims, but *pro rata* only, and to the extent
of the sum of money due from the Opera House Association
to Cook and Miller, the contractors.

*Lewis & Deal*, for Appellants.

*R. M. Clarke*, for Respondents.

By the Court, HAWLEY, J.:

A majority of the members of this court, in *Hunter* v.
*Truckee Lodge*, I. O. O. F. (14 Nev. 25), after a thorough
consideration of the question involved in this case, in con-
struing the mechanics' lien law of this State, decided that
the legislature "intended to give sub-contractors and ma-

terial men direct, liens upon the premises for the value of their labor and materials, regardless of payments on the principal contract made prior to the time within which the law requires a notice of their claim to be recorded."

From this opinion it follows that appellants had a valid lien against the premises described in the complaint for the full amount of the indebtedness proved at the trial.

The judgment and decree appealed from, in so far as the court refused to allow a lien for any greater sum than was owing by the Carson Opera House Association to Cook and Miller, the contractors, are reversed, and the district court is hereby directed to enter a judgment and decree in favor of appellants for the full amount of their claim as proved at the trial.