[No. 9349.  In Bank.—August 28, 1885.]

EDWARD C. WILSON, RESPONDENT, v. S. A. BARNARD ET AL. S. C. FARNHAM, APPELLANT.

LOGGER'S LIEN—ACTION TO ENFORCE—COMPLAINT.—In an action to enforce a logger's lien, under the Act of March 30, 1878, as amended by the Act of April 12, 1880, the complaint must allege that something was due from the defendants to the original contractor when the lien of the plaintiff was filed, or that the defendant was notified or had knowledge of the claim of the plaintiff prior to the payment in full of the amount due to the original contractor under the contract.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Gray & Sexton*, for Appellant.

The complaint should have shown that something was due to the original contractor at the time of filing the lien.

(*Renton* v. *Conley*, 49 Cal. 187; *Wells* v. *Cahn*, 51 Cal. 423; *Dingley* v. *Greene*, 54 Cal. 333; *Rosenkranz* v. *Wagner*, 62 Cal. 151; *Latson* v. *Nelson*, 11 Pac. C. L. J. 589; *Whittier* v. *Hollister*, 64 Cal. 283.)

*Gale & Jones*, for Respondent.

ROSS, J.—This action was brought to enforce a lien alleged to have accrued under and by virtue of the provisions of the act approved March 30, 1878, entitled "an act giving a lien to loggers and laborers employed in logging camps, upon the logs cut and hauled by the persons who employ them," as amended by the act approved April 12, 1880. (Stats. 1877–78, 747; Stats. 1880, 38.)

The first point made for the appellant, which we think must be sustained, is that the complaint does not state facts sufficient to constitute a cause of action. In *Rosenkranz* v. *Wagner*, 62 Cal. 151, and in other cases in this court, it was held that because of the failure of the complaint to allege that anything was due from defendants to the original contractor when plaintiff's lien was filed, or that defendants were notified or had any knowledge of the claim of plaintiff prior to the payment in full of the amount due to the original contractor under the contract, that there was a failure to state a cause of action. But it is contended on behalf of the respondent that the decisions under the Mechanics' Lien Act are inapplicable to cases arising under the Loggers' Lien Act, because by the latter act it is provided that the liens given "shall take precedence of other claims" for the period of thirty days after the logs or lumber arrive at the place of destination, etc. But, manifestly, the giving of precedence of one class of liens over all other claims does not extend the liability of the party against whom all of the liens and claims go; that is to say, the owner of the property sought to be charged. The contracts of material-men and laborers with the original contractor are made with reference to his contract with the owner, and in subordination to its terms. (*Dingley* v. *Green*, 54 Cal. 336.) It results that the owner cannot be charged beyond the contract price. (*Latson* v. *Nelson*, 11 Pac. C. L. J. 589; *Whittier* v. *Hollister*, 64 Cal. 283.) In the brief of counsel

for plaintiff it is said that Barnard & Co., who were the contractors and who employed the plaintiff to work, "were converting trees on appellant's land into lumber, and after transporting, scaling, measuring, and marking the same, would, if quality and all things were satisfactory to appellant, receive an agreed price per thousand feet"; and that plaintiff's lien was filed against certain lumber prior to its delivery and prior to the payment by appellant of the agreed price therefor. The *complaint* contains no such averment with respect to payment, for which reason the demurrer thereto should have been sustained.

Judgment and order reversed and cause remanded, with directions to the court below to sustain the demurrer to the amended complaint, with leave to the plaintiff to amend further.

MORRISON, C. J., MYRICK, J., THORNTON, J., and McKINSTRY, J., concurred.

McKEE, J., dissenting.—I dissent. The action is an attachment suit for recovery of the value of personal services rendered by the plaintiff in cutting standing timber upon land claimed by the defendant Farnham, and in hauling and driving saw logs and lumber from the land to his saw-mills, and to foreclose a logger's lien.

The lien was filed upon a quantity of lumber which the plaintiff had "cut, sawed, hauled, and driven" to a saw-mill on the land of Farnham. This lumber had been cut, etc., by the plaintiff for and under the directions of the defendants Barnard & Co., who had a contract with the defendant Farnham, under which they were authorized to enter upon Farnham's land and cut the standing timber thereon, for the purpose of converting the same into lumber, which, when "scaled, marked, and measured," Farnham agreed to purchase from them, at a certain price per thousand feet, payable when the lumber was delivered "scaled, marked, and measured," to him at his saw-mills upon his ranch.

In the execution of the contract Barnard & Co. hired the plaintiff as a "logger," but they failed and refused to pay him his wages, which amounted to several hundred dollars; and, as security for the payment of what was owing to him, he filed a

logger's lien upon the lumber at the logger's yards on Farnham's ranch, where it lay unscaled, unmarked, unmeasured, and undelivered; and seasonably, after the filing of the lien, he commenced his attachment suit.

The lien was filed and the attachment suit commenced under the provisions of an act of the legislature approved March 20, 1878, entitled "an act giving a lien to loggers and laborers." Section 1 of the act reads as follows: —

"A person who labors at cutting, hauling, rafting, or drawing logs or lumber, shall have a lien thereon for the amount due for his personal services, which shall take precedence of all other claims, to continue for thirty days after the logs or lumber arrive at the place of destination for sale or manufacture," etc.

It is not claimed that this statute is unconstitutional; nor is it claimed that any of the steps taken by the plaintiff for the creation of the lien is contrary to the requirements of the statute. But conceding all these, the contention is made, that as Farnham did not owe Barnard & Co. any money on account of the contract under which the lumber was made at the time of the filing of the lien, the plaintiff had no lien to be enforced.

A "logger's lien" is an entirely different thing from a "mechanic's lien." The latter is given by statutory law upon real property of which the person, for whom the improvement is made, is, or claims to be, the absolute owner; and as he contracts under the Mechanics' Lien law, which enters into his contract, for the improvement of his property, he is bound to the extent and according to the terms of his contract, and his property is charged for the payment of the indebtedness contracted to the several parties who, under the law, have rights in it; and he can do no act to impair those rights; therefore he is not bound to pay, unless there is money due and owing at the time of availing of those rights. Such were the cases of *Rosenkranz* v. *Waggoner, Dingley* v. *Green, Latson* v. *Nelson,* and *Whittier* v. *Hollister,* cited in the prevailing opinion.

Here, however, there is no lien claimed, or sought to be enforced, upon the real property of Farnham. It is a lien upon personal property, in which Barnard & Co. had an absolute or qualified ownership; and for the purpose of the logger's law and lien it matters not whether they were absolute or qualified

owners—they were the owners of the property; and by the terms of the contract between them and Farnham, Farnham merely reserved to himself, as a preferred purchaser, the right to buy from them, at a stipulated price, when the lumber was delivered at his saw-mills, scaled, marked, and measured. But the lumber was not scaled,. nor marked, nor measured, nor delivered to Farnham. Farnham therefore had neither possession of it nor title to it. The lumber was in the actual or constructive possession of Barnard & Co., and the plaintiff who had expended his labor upon it. A constructive possession is sufficient for a logger's lien; therefore the plaintiff, in my judgment, had an unquestionable right to create and perfect a lien upon the lumber, whether Farnham was or was not indebted to Barnard & Co. at the time.

The right to such a lien does not depend upon an indebtedness by the owner of land to persons whom he has authorized to cut and remove timber growing upon it, and to manufacture the same into lumber, by a special contract for that purpose. It rests upon property in the debtor, and possession, actual or constructive, in the lienor. The statute authorizing the lien to be created and filed is but the legislative expression of the common-law right of every workingman to retain possession of personal property upon which he has bestowed labor, which has changed the property and increased its value. Having possession, actual or constructive, the artisan or laborer has the right to retain it, or to create a lien upon it, according to the statute, without reference to any contractual relation between his employer and others as to the property. Any claims arising out of such relations are made, by the statute, subordinate to the superior claim and right of the laborer to his lien upon the property for the services which have made it valuable.

I think the judgment of the court for the enforcement of the lien should be affirmed.