[No. 13324. Department One. — November 9, 1889.]

## LEVI M. KELLOGG ET AL., RESPONDENTS, v. F. C. HOWES ET AL., APPELLANTS.

MECHANIC'S LIEN — FAILURE TO RECORD ORIGINAL CONTRACT — RIGHTS OF SUBCONTRACTORS AND MATERIAL-MEN. — Under sections 1183 and 1184 of the Code of Civil Procedure, as they now stand, if the original contract for the construction of a building, the price of which exceeds one thousand dollars, is not filed for record, it is wholly void for all purposes, and subcontractors, laborers, and material-men, though having actual knowledge of the void contract, may enforce a lien for the value of their work or material, without any reference to the amount remaining unpaid to the original contractor by the owner, and without giving personal notice to the owner to withhold payments due the contractor.

ID. — CONSTRUCTION OF CODE — APPLICABILITY OF PRIOR DECISIONS — MEASURE OF OWNER'S LIABILITY. — The former decisions of this court under prior statutes, so far as they hold that the lien of a subcontractor only extends to the money unpaid on the original contract, and that the original contract is the measure of the owner's liability, are applicable under the present provisions of the code, so far as relates to cases in which there is a valid contract between the owner and original contractor, and no further. If the original contract is not recorded as provided by the code, the statute, and not the contract, measures the extent of the owner's liability to lien-holders, because in such case there is no contract.

ID. — CONSTITUTIONAL LAW — POWER OF LEGISLATURE — RECORD OF CONTRACT. — The legislature, though it cannot compel the owner to pay more than he has contracted to pay, where the contract is valid, unless notified of the claims of subcontractors before payment to the contractor, yet has power to require a record of the contract as a condition of its validity, and to forbid any payments to the contractor as against material-men and laborers, unless the contract is recorded.

ID. — NOTICE TO OWNER — EFFECT OF CODE. — No notice to the owner to stop payments to the contractor is required, unless there is a valid contract. If there is no valid contract, or the contract is void because unrecorded, no notice to the owner is necessary, the statute itself being notice to him not to pay the contractor.

ID. — VALIDITY OF CONTRACT. — A contract wholly void is void as to everybody whose rights would be affected by it if valid.

ID. — Actual Notice of Unrecorded Contract. — Actual notice by a subcontractor, laborer, or material-man of an unrecorded original contract which is required to be recorded cannot affect his rights, the question not being one of notice, but of validity of the contract.

ID. — Privity of Contract — Effect of Code. — By the provisions of the code, where the original contract is invalid, subcontractors, laborers, and material-men are, for the purposes of a lien, deemed to have contracted directly with the owner, and may enforce their lien for the value of the work or material, as original contractors, with the owner, though they cannot recover against him personally.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Haynes & Mitchell,* for Appellants.

*Johnston & Borden, W. H. Thomas, Barclay, Wilson & Carpenter, Adams & Rhodes, Reymert, Orfila & Reymert,* and *Scarborough & Waterman,* for Respondents.

Works, J. — This action was brought by the respondents as material-men, laborers, and subcontractors against the appellants, to enforce a lien for material furnished and for labor done in the construction of a dwelling-house. The appellant Howes was the owner of the real estate, and contracted with his co-defendant to construct the building, and the latter contracted with the respondents for the labor and material done and furnished by them. The contract price for constructing the building was more than one thousand dollars, and the contract was not filed for record as required by section 1183 of the Code of Civil Procedure. The respondents had actual notice that there was a contract between the owner and his contractor, and gave no notice to the owner to withhold payments to such contractor. The owner paid the contractor the greater part of the contract price. The amounts for which the respondents claimed liens exceeded the amount due the

contractor, and unpaid, assuming the contract to have been valid, but were less than the full contract price. The court below held the contract to be void, for the reason that it was not filed for record, and that the respondents were entitled to recover the value of the material furnished and labor done by them without any reference to the amount remaining unpaid to the original contractor by the owner. The only question presented and argued on this appeal is, whether or not a material-man or subcontractor can recover beyond the amount unpaid by the owner to the original contractor on the contract, where the same has not been recorded, and where no personal notice has been given by such material-man or subcontractor to the owner to withhold the payments due such contractor, the material-man and subcontractor having actual notice that there was such a contract.

Counsel for appellants contend, with much earnestness and ingenuity and with marked ability, that the right of the material-man and subcontractor to enforce his lien is limited, where he has given no personal notice to the owner, to the amount remaining unpaid by the owner to the original contractor. They contend, in substance, that, although the contract is void as between the parties to it, it is not void as to the owner and the material-men and subcontractors; that there is a distinction between an original contractor and a material-man or subcontractor, in that the former has a direct lien upon the real estate of the owner to the full extent of the amount due him, based upon the personal liability of the owner to him, while the latter have but a lien in the nature of an attachment against the money in the hands of the owners and due the contractor, and that the legislature had no power to make the owner or his property liable to any greater extent. There is, perhaps, not a single one of these propositions that is not, to some extent, supported by some decision or *dictum* of this court.

The question is, therefore, whether these decisions or *dicta* are applicable to the present provisions of the mechanic's lien law, and, if so, whether they are such as should control us in the interpretation of such provisions.

The present code, so far as it affects this question, provides: "In case of a contract for the work, between the owner and his contractor, the lien shall extend to the entire contract price, and such contract shall operate as a lien in favor of all persons, except the contractor, to the extent of the whole contract price; and after all such liens are satisfied, then as a lien for any balance of the contract price in favor of the contractor. All such contracts shall be in writing when the amount agreed to be paid thereunder exceeds one thousand dollars, and shall be subscribed by the parties thereto, and shall, before the work is commenced, *be filed in the office of the county recorder of the county, or city and county, where the property is situated,* who shall receive one dollar for such filing; otherwise they shall be wholly void, *and no recovery shall be had thereon by either party thereto; and in such case the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof.*" (Code Civ. Proc., sec. 1183.)

Again: "No payment made prior to the time when the same is due under the terms and conditions of the contract shall be valid for the purpose of defeating, diminishing, or discharging any lien in favor of any person, except the contractor, but as to such liens such payment shall be deemed as if not made, and shall be applicable to such liens notwithstanding the contractor to whom it was paid may thereafter abandon his contract, or be or become indebted to the owner in any amount, for damages or otherwise, for non-performance of his contract or otherwise. . . . . All such contracts

and alterations thereof as do not conform substantially to the provisions of this section shall be wholly void, and no recovery shall be had thereon by either party thereto; and in such case the labor done and materials furnished by all persons, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof. Any of the persons mentioned in section 1183, except the contractor, may, at any time, give to the owner a written notice that they have performed labor or furnished materials, or both, to the contractor, or other person acting by authority of the owner, or that they have agreed to do so, stating in general terms the kind of labor and materials, and the name of the person to or for whom the same was done or furnished, or both, and the amount in value, as near as may be, of that already done or furnished, or both, and of the whole agreed to be done or furnished, or both. . . . . Upon such notice being given, it shall be the duty of the owner to, and he shall, withhold from his contractor, or from any other person acting under such owner, and to whom by said notice the said labor or materials, or both, have been furnished or agreed to be furnished, all money due, or that may become due, to such contractor, or other person, or sufficient of such money to answer such claim and any lien that may be filed therefor, for record, under this chapter, including costs and counsel fees provided for in this chapter, until such notice is by writing withdrawn; and all money paid thereafter by the owner to the contractor, or such other person, while such notice is in force, shall, for the purposes of all liens of all persons, except that of the contractor, be deemed a payment prior to the time the same was due within the meaning of and subject to the provisions of this section." (Code Civ. Proc., sec. 1184.)

It has been held in a number of cases under earlier statutes that a subcontractor or material-man could en-

force his lien only to the extent of the contract price remaining unpaid, and that, too, under statutes providing that subcontractors should have a lien "regardless of the claim of the contractor against the owner," or that the lien should inure "to the extent of the contract price," and "whether done or furnished at the instance of the owner or his agent," and "that the contractor should be deemed such agent, and that the lien should not be affected by the fact that no money was due the contractor."

Counsel for appellants have industriously gathered up and cited these earlier statutes and the cases decided under them. We cite them here more as showing the course of legislation and its judicial construction and interpretation on this subject than because of their bearing on the question now presented. (Stats. 1850, p. 211; Stats. 1855, p. 156; Stats. 1856, p. 203; Stats. 1858, p. 225; Stats. 1862, p. 384; Stats. 1868, p. 589; Code Civ. Proc., sec. 1183; Stats. 1887, p. 152; *Cahoon* v. *Levy*, 6 Cal. 295; 65 Am. Dec. 515; *Knowles* v. *Joost*, 13 Cal. 620; *McAlpin* v. *Duncan*, 16 Cal. 126; *Bowen* v. *Aubrey*, 22 Cal. 566; *Dore* v. *Sellers*, 27 Cal. 588; *Renton* v. *Conley*, 49 Cal. 185; *Latson* v. *Nelson*, 11 Pac. L. J. 589; *Whittier* v. *Hollister*, 64 Cal. 283; *O'Donnell* v. *Kramer*, 65 Cal. 353; *Wilson* v. *Barnard*, 67 Cal. 422; *Wiggins* v. *Bridge*, 70 Cal. 437.)

It will be observed that all of these cases, so far as they hold that the lien of a subcontractor shall only extend to the money unpaid on the original contract, are cases in which the contract between the owner and subcontractor was valid, and each and all of them are based upon the theory, which we fully approve, that where there is a valid contract between the owner and contractor, such contract is the measure of the owner's liability, and that in the absence of notice from the subcontractor of his claim, a payment by the owner in conformity to the contract will relieve him to that extent

from any claim or lien by the subcontractor. This is so under the present statute, and thus far the cases cited are applicable to the present statute, and no further.

Counsel insist that there is but one additional requirement under the present statute, viz., that the contract shall be filed in the recorder's office, and that such a requirement does not affect the principle laid down in the cases decided under former statutes, especially in this case, where it appears that the subcontractors had actual notice of the existence of the contract, which was in all respects in conformity to the statute. In this contention counsel overlook what we regard as the most material addition to the statute by the last amendment, viz., that if the contract is not executed as required by the statute, and *filed in the recorder's office*, it shall *be void, and no recovery shall be had thereon by either party.* In our judgment this provision of the statute takes away entirely the basis upon which it was held under earlier statutes that the subcontractor could not recover, viz., that the owner could not be compelled to pay more than he had contracted to pay, or, in other words, could not be compelled to pay twice for the same thing. This cannot be so under the present statute, where his contract is not recorded. The contract cannot be the measure of his liability, because there is no contract. He cannot pay the contractor, and thereby relieve himself from liability to the subcontractor, because the contract being void as between him and the contractor, he is not liable to the latter, and has no right, as between him and the subcontractor, to pay such contractor. The statute is too plain on this point to need construction. It not only provides that the contract shall be wholly void, and that neither party shall recover thereon, which must have been provided wholly for the protection of subcontractors, laborers, etc., but in order to make this fact doubly plain it further provides that "the labor done and material furnished by all persons aforesaid, except

the contractor, *shall be deemed to have been done and fur-nished at the personal instance of the owner, and they shall have a lien for the value thereof.*" In other words, the subcontractors, laborers, and material-men shall have their lien precisely as if no contract had ever been made between the owner and contractor, and the material had been furnished and work done for the owner at his special instance and request.

But counsel say the legislature had no power to provide for any such liability on the part of the owner, and that this court has so decided. We do not so understand it. It has been held, as we have said, and very properly, that *where there is a valid contract* the owner cannot be compelled to pay more than he has contracted to pay, *unless he is notified* of the claims of subcontractors *before* payment to the contractor. But that is not this case. Here there was no contract. If the legislature had the power to say to the owner, If you pay the contractor after notice from the subcontractor of his claim, you shall still be liable to the latter, it has the undoubted right to say to him, If you do not execute your contract in a certain form, and file it in the recorder's office, you shall be liable to material-men and laborers for the value of their material and labor. There is no hardship or injustice in this provision. The owner is only compelled to pay once for what he receives and retains the benefit of. He is not bound and has no right, as between him and subcontractors, to pay the contractor.

If the contract is valid, then, under the present statute, notice must be given of his claim by a material-man or laborer, in order to reach the moneys due the contractor, and if he fails to give such notice, the owner is protected by the statute, as held in the cases above cited, decided under former statutes. But where there is no valid contract, this notice is unnecessary, because there are no payments to be stopped, and the statute

itself is notice to the owner that he must not pay to the contractor.

It is urged upon us by counsel for appellants that the contract in this case was void only as between the parties to it, and not as between the owner and material-men and laborers, and that we have so decided in *Giant Powder Co.* v. *San Diego Flume Co.*, 78 Cal. 193. We did not so hold in the case referred to. It was held in that case that the contract between the subcontractor and contractor for material was valid, notwithstanding the original contract was void as between the parties to it. But the opinion in that case was so worded as to mislead in this respect, and it is broadly stated that the contract, though wholly void, was not void except as to the parties to it. This could not be so. A contract wholly void is void as to everybody whose rights would be affected by it if valid. And here it would be a strange construction of the statute to hold that the failure to file an instrument for record would render it void as to the parties to it, who necessarily have notice of its contents, and not affect the rights of the only persons sought to be protected by such filing, and who alone could be affected by such failure. The court meant nothing more in that case than to hold that the material-man was entitled to his lien, notwithstanding the contract was not filed in the recorder's office. What was said as to the contract remaining to mark the extent of the recovery of the lien-holders, etc., was outside of the real question presented in the case, and should be modified. The extent of the material-man's recovery is not meas-ured by the terms of the contract. On the contrary, the statute provides, in express terms, that, where the con-tract is not recorded, the material-man shall have a lien for the *value* thereof. In case the contract is not recorded, the *statute*, and not the contract, measures the extent of his recovery. And so it was held in *Southern California Lumber Co.* v. *Schmitt*, 74 Cal. 625.

The case of *Latson* v. *Nelson*, 11 Pac. L. J. 589, is greatly relied upon by the appellant. The reasoning of the opinion in that case was not concurred in by a majority of the court, and, so far as it may be construed as against the right and power of the legislature to enact the present statute, as we have construed it in this opinion, it does not meet with our approval. It is extremely difficult to determine what the views of the learned justice who wrote the opinion were, as announced in the opinion, but as we construe his language it amounted to nothing more than has been decided in earlier cases, that where a valid contract existed between the owner and contractor, the former could not be made liable to subcontractors beyond the amount fixed therein, and that section 15 of article 20 of the present constitution had not changed that rule. So understood, the opinion is not in conflict with anything we have said in this opinion.

As to the contention that the fact that the respondents had actual notice of the existence of a contract was equivalent to the filing of the same in the recorder's office, this would be so if the question were one of notice. But it is not. The express provision of the statute is, that if the contract is not filed, it shall be void. This being so, there is in fact no contract of which the subcontractor is bound to take notice, and his knowledge that a contract was attempted to be made, but was not, cannot affect his rights.

The point made that there can be no recovery by a subcontractor as against the owner, independent of some contract between the owner and original contractor, is met by the express language of the statute that, for the purposes of his lien, he shall be *deemed* to have contracted directly with the owner, and shall have a lien for the *value* of his material. This brings him in direct contact with the owner as a contractor, and removes the distinction made under former statutes between those

who contract directly with the owner and subcontractors. By the terms of the statute they become, for the purpose of their lien, original contractors with the owner, but cannot recover against him personally. (*Southern Cal. Lumber Co.* v. *Schmitt, supra.*)

The judgment and order appealed from are affirmed.

PATERSON, J., concurred.

Fox, J., concurring. — I concur in the conclusion reached by Mr. Justice Works in the foregoing opinion, and generally in the line of reasoning by which that conclusion is reached. I have no doubt that the legislature has full power to provide that where, as was done in this case, an owner of real estate, without the intervention of a contract fixing the measure of his liability, proceeds personally, or through another acting with his knowledge, to make improvements thereon, he shall be liable to mechanics, laborers, and material-men for the *value* of their labor and material, and they shall have a lien therefor. In this case there was no contract; for the law itself declares that if not recorded the pretended contract is "wholly void." It is, therefore, as if it had never been made, and fixes no measure of liability for either party, or for any purpose. But after negotiating the terms of the contract with Lane, which was never completed, and never became a valid contract, Howes permitted him to procure material and erect the building; in other words, permitted Lane to act as his agent in the construction of the building upon which these liens were filed. The statute expressly declares that in such cases the subcontractor — the laborer and material-man — shall be *deemed to have contracted directly with the owner*, and shall have a lien for the value of his material or labor. There is no constitutional objection to such a provision. The obligation most frequently assumed by all men engaged in business, and most frequently enforced by the courts, is an implied one to do the same

thing,—to pay the value of labor done or materials furnished at the request of the party receiving the benefit thereof, and it makes no difference whether the request was made by him in person, or through one whom he had held out to the world, or to the person furnishing the labor or material, as his agent in the premises.

But it seems to me that the opinion of Mr. Justice Works is susceptible of a construction which would enable a stranger to go upon the land of an absent or nonresident owner, and through laborers and material-men improve him out of his real estate without his knowledge. The legislature has no power to authorize such a proceeding, and no precedent should be established which would sanction it. No person should be entitled to a lien or personal judgment against an owner in any case, unless he contracted the liability in person, or it be shown that he had actual notice in some form of the fact that his property was being improved in a manner which might create a liability or lien. A construction of the statute which would give it the effect of creating a lien, where the owner had no knowledge of the improvement, would render it unconstitutional. In this case there is no pretense of want of knowledge, and everything shows that the owner had actual knowledge of the improvement, and the law charges him with knowledge of the fact that there was no contract limiting his liability.

Hearing in Bank denied.