## McFADDEN *v.* STARK.

## Opinion delivered June 10, 1893.

1. *Mechanic's lien—Amendment of complaint.*
   In an action by a sub-contractor to enforce a lien for materials furnished in the erection of a building, it is error to strike out of the complaint as immaterial an amendment, made by leave of court, to the effect that, at the time of furnishing the materials, notice was given to the owners of the building of the intention to furnish them and of their value.

2. *Indefiniteness of pleading—Remedy.*
   A complaint to enforce a sub-contractor's lien which alleges that the land owner contracted with the contractor for the erection of a building is sufficient on demurrer, without stating the amount payable under the contract; indefiniteness in pleading can be reached only by motion to make more definite.

3. *Sub-contractor's lien—Sufficiency of complaint.*
   Allegations, in a complaint to enforce a sub-contractor's lien for materials furnished, to the effect that, at the time of furnishing such materials, plaintiff notified the land owners of his intention to furnish them and the value thereof, and that they were furnished at the contractor's request and used in the construction of the building, inferentially show that the materials were furnished for the purpose of being used in construction of the building, and are sufficient on demurrer.

4. *Mechanic's lien—Filing account.*
   As between the owner of land and one who claims a lien on it for materials furnished, it is immaterial that the affidavit upon which the lien is based does not sufficiently set out the account, as required by the statute, if suit was brought within ninety days after the materials were furnished, and the complaint was a substantial compliance in this respect with the statute.

5. *Pleading—Defective affidavit.*
   The sufficiency of an affidavit for a mechanic's lien cannot be reached by demurrer to a complaint which seeks to foreclose such lien.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

*Thornton & Smead* for appellant.

1.   The court erred in striking out the marginal amendment to the complaint.   It was material, and entitled plaintiff to a lien upon complying with secs. 4403–4 and 4418 Mansfield's Digest.   11 Wis. 295 ; 4 Abb. Pr. (N. Y.), 432; 54 Wis. 474; 50 Mo. 306; 6 Bradw. (Ill.), 621; 53 Miss. 171; 33 Ark. 253 ; 12 *id.* 685; 9 *id.* 448; 32 *id.* 313; 49 Fed. Rep. 754 ; 14 *id.* 866 ; 31 Ark. 486 ; 51 *id.* 302.   The complaint contained all the requirements of the act of 1885.

2.   It was not necessary to set out the contract *in extenso* or substantially; the complaint charged *there was a contract*, and that was all that was necessary, as the lien of a material-man or sub-contractor does not depend on contract but is created by use of the materials, or the work of the mechanic, on the building.   49 Ark. 479 ; Houck on Liens, p. 106 ; 15 Ill. 189 ; 32 Md. 130 ; 14 Ala. 33 ; 21 Ind. 344 ; 3 Watts (Penn.), 141 ; 4 Minn. 546.

3.   The complaint states that plaintiff furnished the materials at the request of the contractor, and that they were used in the construction of the buildings. 31 Pac. Rep. 316.   An exact compliance with the statute is not required.   The lien grows out of the *use* of the materials.     31 Pac. Rep. 316; 49 Ark. 479 ; 30 *id.* 29 ; Houck on Liens, p. 106.   No technical omission will defeat the claim.     30 Ark. 573 ; Phillips, Mech. Liens, sec. 16, p. 27.

4.   A substantial compliance with the statute is all that is required.   See 61 Ind. 187 ; 58 *id.* 492 ; 37 Penn. 125 ; 2 Phila. 102 ; 15 Am. and Eng. Enc. Law, p. 179 ; 4 Metc. (Ky.), 316; 42 Me. 141; 32 Ark. 69 ; 46 Mo. 337 ; *Ib.* 595; 51 Ark. 315, 307 ; 49 *id.* 572.   The complaint with the exhibit constitutes a substantial compliance with the law.   But if the exhibit was defective, the court should have allowed it to be amended.   15 Am.

and Eng. Enc. Law; 7 Wis. 105; 32 Ark. 281; Green's Code Pl. sec. 407; Mansfield's Digest, sec. 5083; 53 Ark. 235.

5. If appellees had notice at the time the materials were furnished, etc., the lien was fixed at that time, and no subsequent payments could defeat appellant's claim. Mansfield's Digest, sec. 4402, 4421; 51 Ark. 313.

*B. W. Johnson* and *Bunn & Gaughan* for appellees.

1. Amendments are largely matters of discretion, and this discretion will not be controlled by appellate courts unless grossly abused. Bliss, Code Pl. secs. 428–9. The amendment of an account and affidavit, if filed in the clerk's office as the foundation of the lien is not allowable. 2 Jones on Liens, sec. 1455. The affidavit must set forth the particular matters entitling claimant to a lien. Acts 1885, p. 77; 2 Jones Liens, secs. 1390–1–2.

2. The mechanic's lien laws, being in derogation of the common law, are strictly construed, especially as to the steps taken to establish and fix the legal right. Jones on Liens, sec. 1555.

3. The complaint must set forth the facts which show that plaintiff has a lien and the right to enforce it; it must show a full compliance with the statute. 94 U. S. 545; 65 How. Pr. 146; 5 Minn. 74; 46 Tex. 599; 52 *ib*. 621; 24 Wis. 564; 34 Mo. 150; 43 Cal. 515; 36 Mo. 613; 30 Ark. 682. It is a special proceeding, and all jurisdictional facts must appear. 57 N. Y. 409; 63 *id*. 624.

4. The contract was not set out in the complaint *in extenso* or substantially. Under the law in Mansfield's Digest, secs. 4402–3, the owner is bound by the *notice* given by the sub-contractors, and in 30 Ark. 29 it is said the lien grows out of the fact that materials are furnished, etc., but the lien grows out of the fact

that the owner has notice and by using the materials impliedly assents to it. Under the act of 1885, the owner is bound to the contractor and all who work or furnish materials by reason of the *contract.* 2 Jones on Liens, sec. 1289; 134 Pa. St. 277; *Ib.* 289; 16 S. W. Rep. 1045; 77 Mich. 199.

5. It is not shown that the materials were furnished to be put into the building under the contract. 2 Jones, Liens, sec. 1327, 1330.

6. There is a variance between the complaint and exhibit; while the former may be amended, the latter cannot.

BATTLE, J. This action is based on the act of the General Assembly of this State, entitled "An act for the better protection of mechanics, artisans, material-men and other sub-contractors," approved March 17th, 1885, and was brought on the 8th of December, 1890, to enforce a lien for labor performed and materials furnished in the construction of a building on certain lots owned by the defendants, Stark and Moore. The complaint in the action, as amended by interlineation, is as follows:

"R. H. McFadden,                                    Plaintiff,

vs.

"T. J. Moore, N. H. Stark, Chris Johnson, Defendants.

The plaintiff, R. H. McFadden, states that the defendants are justly indebted to him in the sum of nine hundred and eight dollars and seventy-nine cents for labor performed and materials used in the construction of a building owned by defendants, T. J. Moore and N. H. Stark, and known as the Stark and Moore building, and situated on parts of lots 14, 15, 16 and 17 of the old court house square in the city of Camden, county of Ouachita, and State of Arkansas, and more definitely described as follows, to-wit:

" 'A lot of land situated on the corner of Adams and Jefferson streets, fronting on Adams street 59 feet and 9½ inches, and running back the width of the front with Jefferson street 110 feet to Ouachita alley. Said parcel of land being the southwest corner of the old court house square.'

" That said labor was performed and material furnished at the request of the defendant, Chris Johnson, who had contracted with his co-defendants to construct said building, and by him used in the construction of said building. That he presented an itemized account of said labor and material to said defendant and contractor, Chris Johnson, who certified to the correctness of the items amounting to eight hundred and forty-eight dollars and seventy-nine cents, but refused to certify to the items amounting to sixty dollars. That thereupon plaintiff made affidavit to the correctness of the last named items, and also said refusal, and within ten days after the completion of the contract for said building by said Chris Johnson, on November 24, 1890, plaintiff, on 29th day of November, 1890, presented said itemized account, amounting to nine hundred and eight dollars and seventy-nine cents to defendants, T. J. Moore and N. H. Stark, certified and sworn to as above, and demanded payment of the same from them, which was by each of them refused, and at the same time (they) refused to endorse on the same the time of presentation or to hold back the whole or *pro rata* part thereof. That thereupon, and within ten days after the completion of the contract for said building by defendant Johnson, to-wit: on the 2nd day of December, 1890, plaintiff filed in the office of the circuit clerk of Ouachita county, in which said building is situated, said itemized account so certified and sworn to, with an affidavit attached thereto, showing the presentation of said account to said contractor, Johnson, and his action thereon and the action of

plaintiff in making affidavit to said disputed items, amounting to sixty dollars, and his subsequent presentation, within ten days after completion of said contract by contractor Johnson, of said account to defendants, T. J. Moore and N. H. Stark, and his demand of payment of the same by them, and their refusal, as well as their refusal to endorse on the same the time of presentation, and to hold out the full or *pro rata* share of said account. Said affidavit also contained a correct description of the building in the construction of which said labor and materials in said account mentioned were used and the ground on which the same is situated. A copy of said account sworn to as above is filed herewith and asked to be made a part of this complaint. Plaintiff says that he has a lien upon said building and the ground on which the same is situated for said labor and materials. Wherefore he prays judgment for the sum of nine hundred and eight dollars and seventy-nine cents and costs against defendant, Chris Johnson ; that a lien be declared upon said building and land for the payment of the same, and for other relief.'' On the margin of the complaint is the following amendment : '' And at the time of furnishing the material to contractor, Johnson, he notified said Stark and Moore of his intention of furnishing said material and performing said labor on said building and the value thereof.''

The defendants, Stark and Moore, moved to strike out the marginal amendment and demurred to the complaint, both of which the court sustained, and rendered judgment against plaintiff in favor of Stark and Moore; and plaintiff appealed.

The defendant, Chris Johnson, made no defense ; and judgment was rendered against him in favor of plaintiff for the amount of the account sued on.

1. Amendment of pleading.

1. The motion was improperly sustained. The statutes expressly authorize the amendment of pleadings

by inserting allegations material to the case. The marginal amendment was made by leave of the court and was material, as will hereafter appear in this opinion.

2. Appellees insist that their demurrer was properly sustained because the contract between them and Johnson was not set out in the complaint. Under the laws of this State a contract with the owner of the ground upon which a building or other improvement is constructed is essential to the establishment of a mechanic's lien in favor of a sub-contractor. Under the act of April 25, 1873, he is limited in his lien to the amount "originally contracted for between the employer and contractor;" and under the act of March 17, 1885, the owner is required to reserve one third of the contract price for his benefit, and it is only when the owner fails or refuses to do so, or to promptly pay the amount due him when his claim is presented in due time and properly certified, or fails or refuses to properly endorse his claim or hold out the amount due thereon out of the reserved fund when it is presented without the certificate of the principal contractor, but with the proper affidavit, is he entitled to a lien. "The lien, however, is created, not by the contract, but by furnishing the materials or doing the work. * * * ·Yet a contract creating an indebtedness on the part of the person whose property is to be charged with a lien, must exist in the first place, and then the performing of labor or the furnishing of materials * * creates the lien." *Kansas City Planing Mill Co.* v. *Brundage*, 25 Mo. App. 268 ; *Hannon* v. *Gibson*, 14 Mo. App. 33, 37 ; *Rosenkranz* v. *Wagner*, 62 Cal. 151 ; 2 Jones on Liens, section 1232 and cases cited.

The contract of the owner with the contractor is the authority by which the right is given to the contractor to erect or construct a building or other improvement on the ground of the owner, and is a limit of such right,

2. Remedy for indefiniteness of pleading.

and a measure of the liability of the owner for labor performed and material furnished in the making and construction of the building or improvement. It is the foundation of the sub-contractor's lien. By it the owner consents to the services of the laborers and material-men employed by the contractor. In view of this fact, the law gives to the sub-contractor a lien on the improvement and the ground on which it is erected, on the performance of specified conditions, for the labor performed and materials furnished by him in the construction of the improvement. But as the owner has only consented to pay, for the entire labor and materials necessary to complete the improvement, the sum he has stipulated to pay the contractor, the sub-contractor is necessarily limited in all cases in the amount of his lien to the contract price, unless the owner expressly or impliedly consents to a lien for an additional or further sum. As a compensation for the charge against his property, the owner is entitled to a credit on the contract price for the amount he is compelled to pay to relieve his land. In this way the owner is not forced to pay anything in addition to the stipulated price for services and materials, and the contractor is required to comply with his contract with laborers and material-men, and reasonable protection is provided for the sub-contractor, and the owner is secured. In protecting the sub-contractor the law places it without the power of the owner to defeat his lien by payments in disregard of his claim. Mansfield's Digest, secs. 4405, 4421, 4424; Acts of 1885, p. 76, sec. 3; *Shellabarger* v. *Thayer*, 15 Kas. 619; *Clough* v. *McDonald*, 18 Kas. 114; *Laird* v. *Moonan*, 32 Minn. 358; *Hunter* v. *Truckee Lodge*, 14 Nev. 24; *Lonkey* v. *Cook*, 15 Nev. 58; *McAlpin* v. *Duncan*, 16 Cal. 126; 2 Jones on Liens, sec. 1290.

It is evident, therefore, that a plaintiff in an action to enforce a mechanic's lien should set forth in his com-

plaint so much of the contract of the owner with the builder as is necessary to show his lien and the amount thereof.

The only allusion to a contract of the owner in the complaint in question is contained in these words: " who had contracted with his co-defendants to construct said building." It is obvious that the complaint in this respect is indefinite and uncertain. This is a defect which cannot be reached by a demurrer, but must be taken advantage of, if at all, by a motion to make more definite and certain. Mansfield's Digest, section 5082.

3. Appellees contend that their demurrer was properly sustained, because the complaint "does not show or allege that (the) materials claimed to have been furnished were furnished for the purpose of being used in said building under said contract between the contractor, Chris Johnson, and the other defendants, Moore and Stark, the owners." But this is not true. In the marginal amendment it is stated that" at the time of furnishing the material· to (the) contractor, Johnson, he notified said Stark and Moore of his intention of furnishing said material and performing said labor on said building and the value thereof;" and in the body of the complaint it was alleged "that said labor was performed and (said) material (was) furnished at the request of the defendant, Chris Johnson, who had contracted with his co-defendant to construct said building, and (were) by him used in the construction of said building." From these allegations it is inferable that the materials were furnished for the purpose of being used in the construction of the building, if not clearly so, vaguely, in which event they can be made definite on a motion for that purpose.

While the complaint in question is by no means a model of pleading, yet enough is stated in it to show that appellant was entitled to a lien for some undisclosed

3. Complaint to enforce sub-contractor's lien.

amount, under the act of March, 17, 1885. In view of this fact we have refrained from deciding whether a sub-contractor can be entitled to a lien for an amount exceeding his share of the reserved fund, under the act of 1885, as it is not shown that such share is not equal to the amount of his claim, and that it is necessary for us to decide the question in this case.

4. Sufficiency of affidavit. 4. Appellees, in support of their demurrer, say that the affidavit upon which the lien is claimed is insufficient. This affidavit is required to be filed in the same period of time as is provided by law " in cases of persons doing work or furnishing things under contracts therefor directly with the owner" (Acts of 1885, p. 76, sec. 4), which is ninety days after all the things have been furnished or the work has been done (Mansfield's Digest, sec. 4406). It is alleged in the complaint that the performance of the contract of the principal contractor was completed on the 24th of November, 1890, and that the plaintiff presented his claim, certified and sworn to, to the defendants, Stark and Moore, on the 29th day of November, 1890. This action was brought on the 8th of December, 1890, within ninety days after the contract with the owners was completed and ten days after plaintiff's claim was presented. In cases like this, under such circumstances, it has been held by this court that a substantial compliance with the statute is all that is required, and " that the neglect to comply fully and technically with directions which were intended for the protection of third persons, who might acquire rights in or liens upon the same property, could by no possibility tend to the defendant's prejudice," and would not defeat the lien of plaintiff. *Cohn* v. *Hager*, 30 Ark. 28 ; *Murray* v. *Rapley*, *id.* 568 ; *Anderson* v. *Seamans*, 49 Ark. 475 ; *Wood* v. *King*, 57 Ark. 284.

5. How defect in affidavit reached. But the affidavit could not have been reached by demurrer, and its sufficiency is not, therefore, before us

for consideration. *Stillwell* v. *Adams*, 29 Ark. 346; *Nordman* v. *Craighead*, 27 Ark. 369; *Chamblee* v. *Stokes*, 33 Ark. 543.

The judgment of the circuit court in favor of appellees is, therefore, reversed, and the cause is remanded with instructions to the court to deny the motion and overrule the demurrer, and for other proceedings.

Bunn, C. J., did not participate in the decision of this cause, being disqualified.