[No. 3,275.]

WM. RENTON AND MICHAEL MURRAY ET AL. *v.* EDWARD CONLEY ET AL.

LIEN OF MATERIAL MEN AND LABORERS.—Under the Lien Act of 1867-8, if the owner of the building makes payments to the contractor in good faith, under, and in pursuance of the contract, before receiving notice, either actual or constructive, of liens claimed by a material man or laborer, for material furnished to, or labor done for the contractor, such material man or laborer cannot enforce a lien on the building for a sum exceeding the balance due on the contract, when notice is given.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The complaint alleged that the plaintiffs were lumber

dealers, and that the defendant, Michael Murray, was a contractor, and that, about November 20, 1870, said Murray contracted with defendant Conley to construct for him a two-story dwelling house, and built the same under the contract, and that the plaintiffs, at Murray's request, November 24, 1876, sold to Conley, at the request of Murray, his agent, lumber which was used in the building, and that Murray still owed them $568 42 for the same. That before the expiration of the thirty days ensuing the completion of the building, the plaintiffs filed their claim for a lien, under the Act of 1867–8. The defendant Conley demurred to the complaint. The Court sustained the demurrer, and the plaintiffs appealed.

The other facts are stated in the opinion.

*Bachelder & Marriner*, for the Appellants.

The Act of 1867–8 does not impair contracts made after the law went into force, because every contract made and entered into by parties is made subject to, and in accordance with, the laws of the land, and the laws pertaining to such contracts enter into and become as much a part of the contract as though they had been written and embodied in the contract which was signed by the contracting parties. See *Smith* v. *Morse* (2 Cal. Reports, 550), where the Court say that the law enters into and forms a part of the contract.

This law has been under consideration twice in this Court, once in the case of *Preston* v. *The Sonora Lodge* (39 Cal. p. 117); and once in the case of *Fuguay* v. *Stickney* (41 Cal. 58), and in both of these cases, the constitutionality of this law must, from the nature of the cases, have been taken into consideration, and it was sustained.

*Thomas V. O'Brien*, for Defendant Conley.

The form of the allegation of agency is objectionable, and at all events as an allegation of ordinary agency it must, we apprehend, be held wholly insufficient, because it is clearly a deduction, an inference, from the lien law, and not a square, direct averment of agency, such as good pleading requires. (*Strong* v. *Davis*, 30 Cal. 318; *Denver* v. *Burton*, 28 Cal. 549; *Halleck* v. *Mixer*, 16 Cal. 577.)

Having alleged and admitted that there was a contract, the complaint is defective in not showing that there was any money due on such contract, or any other fact or circumstances, even faintly indicating a liability on our part through such contract; *non constat*, but that we have complied, and more than complied, with its every requirement. The owner of property cannot be held liable to a material man or sub-contractor, beyond the terms of his contract with the contractor. (*McAlpin* v. *Duncan*, 16 Cal. 127; *Bowen* v. *Aubrey*, 22 Cal. 571; *Dore* v. *Sellers*, 27 Cal. 593; *Preston* v. *Sonora Lodge*, 39 Cal. 116.)

By the Court, CROCKETT, J.:

The action is to enforce the lien of material men, under the Act of March 30, 1868. (Statutes 1867–8, p. 589.) A demurrer to the complaint was sustained, and the plaintiffs, declining to amend, a judgment was entered for the defendant, from which the plaintiffs appealed.

As we construe the complaint, it avers the contract under which the lumber was furnished to have been made between the plaintiffs on the one side, and Murray, the contractor, on the other side; the latter being alleged to be the agent of the defendant. An express agency is not averred in terms, and it is clear on the face of the complaint that the agency relied upon is that created by the first section of the statute, and not an express agency.

The complaint fails to aver that any part of the contract price for the building remained unpaid from the owner to the contractor at the time of recording the notice of lien; and the plaintiff's claim that the lien is valid, irrespective of the fact that the owner, when he first had actual or constructive notice of the lien, may have paid to the contractor the full contract price, when, and as it became, due under the contract.

The first section of the Act is relied upon as supporting this position. It gives to material men and laborers, furnishing materials for or performing labor on the building, a lien upon it to secure the amounts due to them, "whether

done or furnished at the instance of the owner of the building, or other improvement, or his agent; and every contractor, sub-contractor, architect, builder or other person having charge of any mining, or of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purposes of this Act." There is no express provision limiting the lien to the amount which may be owing from the owner to the contractor under the contract, in any case, even though the materials were furnished and the labor performed at the instance of the contractor alone. Nor was there any such express limitation in the Act of April 22, 1858 (Statutes 1858, p. 225), the third section of which provided that material men and laborers should "have a valid lien upon the building, wharf, or superstructure on which such labor was performed, or for which such materials were furnished, regardless of the claims of the contractor against the owner of such building, wharf, or superstructure." This Court has had occasion several times to construe this provision; and notwithstanding the broad language of the statute, it was held, that where the owner had made payments to the contractor in good faith, under and in pursuance of the contract, before receiving notice, either actual or constructive, of the liens, the material men and laborers could not charge the buildings with liens, exceeding the balance of the contract price remaining unpaid when notice of the lien was given. (*McAlpin* v. *Duncan*, 16 Cal. 127; *Bowen* v. *Aubrey*, 22 Id. 571.) These cases are decisive of this appeal. The Act of 1858 certainly lends as much support to the views advanced by the appellants, as the Act of 1868; and, as we have seen, that Act has been construed as limiting the lien as above indicated.

Judgment affirmed.

Mr. Justice NILES did not express an opinion.