[No. 4762.]

## ASA R. WELLS ET AL. v. AARON CAHN ET AL.

MECHANICS' LIENS.—If the owner of a building which is being erected makes payments to the contractor in good faith before receiving notice that a material-man claims a lien for material furnished the contractor, such material-man cannot enforce his lien except for the balance, if any, due the contractor on the contract.

IDEM.—The amendments to the Code of Civil Procedure concerning liens of mechanics and material-men, adopted in 1874, have not changed the above rule.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Action to enforce the lien of a material-man for material furnished the contractor. The complaint averred that the defendant Cahn was the owner of a lot in San Francisco, and caused a building to be erected thereon, and that the plaintiff, between the 29th day of May and the 23d day of September, 1874, furnished J. S. Coulter, who had contracted with Cahn to erect the building, mouldings and mill-work for the building, which were used in its construction, and that the same had not been paid for; that Cahn had knowledge that the building was being constructed and did not give notice that he would not be responsible for the same, and that the plaintiffs had complied with the statute in respect to filing their lien with the recorder. It will be observed that there was no allegation in the complaint that Cahn was indebted to Coulter on the contract.

The defendant Cahn demurred to the complaint; the court sustained the demurrer, and gave final judgment for the defendant.

Section 1183 (Amendments of 1874 to C. C. P.) provides that "every person  *  *  *  furnishing materials to be

used in the construction * * * of any building * * * has a lien upon the same for the * * * materials furnished by each, respectively, whether * * * furnished at the instance of the owner of the building * * * or his agent; and every contractor * * * having charge of * * * the construction * * * of any building * * * shall be held to be the agent of the owner for the purposes of this chapter."

Section 1192 provides that "every building * * * mentioned in section 1183 of this Code, constructed upon any lands with the knowledge of the owner, * * * shall be held to have been constructed at the instance of such owner, * * * and the interest owned * * * shall be subject to any lien filed in accordance with the provisions of this chapter, unless such owner * * * shall, within three days after he shall have obtained knowledge of the construction, * * * give notice that he will not be responsible for the same, by posting a notice in writing to the effect, in some conspicuous place upon said land, or upon the building or other improvement situated thereon."

The plaintiff appealed.

*Bishop & Fifield,* for the Appellants, cited *Hicks* v. *Murray* (43 Cal. 515); *Whittier* v. *Wilbur* (48 Cal. 175); *Quale* v. *Moon* (48 Cal. 478), and *Fuquay* v. *Stickney* (41 Cal. 583).

*Jarboe & Harrison,* for the Respondent, cited *Renton* v. *Conley* (49 Cal. 185).

By the COURT:

The amendments to the Code of Civil Procedure have wrought no change in the act of March 30, 1868, in any respect involved in this case. The views expressed here in *Renton* v. *Conley* (49 Cal. 185), are decisive of this appeal, and upon the authority of that case the judgment of the court below must be affirmed.

Judgment affirmed.