[No. 7,454.—Department One.]
November 22, 1882.

## C. ROSENKRANZ *v.* PHILIP WAGNER ET AL.

UNDER MECHANIC'S LIEN LAW, SUB-CONTRACTOR'S LIEN IS SUBORDINATE TO CONTRACT OF THE ORIGINAL CONTRACTOR—COMPLAINT INSUFFICIENT.— Action of foreclosure of mechanic's lien by the plaintiff as sub-contrator under one W., the original contractor, against the defendants, Wagner and wife, owners of the premises. The complaint failed to state that anything was due from the defendants Wagner and wife to the original contractor when plaintiff's lien was filed or that defendants were notified or had any knowledge of the claim of plaintiff prior to the payment in full of the amount due to the orignal contractor under his contract. *Held:* The complaint contains no statements of a cause of action.

ID.—FINDING OUTSIDE OF ISSUE.—The Court below found as a fact that the defendants, Wagner and wife, were notified orally and in writing that the plaintiff had performed work etc., for which he claimed sixty dollars

and eighteen cents *before* defendants made the second payment of five hundred dollars to the contractor.   *Held:* This finding is entirely without the issues made by the pleadings.

APPEAL by the plaintiff from the judgment of the Superior Court of the City and County of San Francisco. LATIMER, J.

Action of foreclosure of mechanic's lien.   In the complaint it was alleged, " that the defendant Philip Wagner is, and at all the times herein mentioned was, the owner of the land and premises situate," etc.   (Here follows the description of the premises.)

" That prior to the twentieth day of November, 1877, said defendant, Wagner, had employed defendant, Walsh, as an original contractor, to improve, alter, and repair a certain building or dwelling-house on said lands, for him, defendant, Wagner.   That defendant, Walsh, went on under said employment, and took charge of and improved, altered, and repaired said building on said land for said defendant.   That under the direction, and with the knowledge of said defendant Wagner, defendant Walsh employed plaintiff to labor on said building as a tinsmith, and to furnish the materials for all the tinwork thereon, namely, tin and galvanized iron, and promised to pay said plaintiff in gold coin upon the termination of his said labor, and for his said materials furnished, what the same might be reasonably worth.   That, in consideration of said promise, said plaintiff went on and performed the labor and furnished the materials, consisting of tin and galvanized iron, required in the performance of all said tin work, between the twentieth day of November and the eleventh day of December, 1877, and all said materials were actually used in the said improvement, alteration, and repair of said structure.   That the amount of said labor and materials furnished were reasonably worth the sum of sixty dollars and eighteen cents; that no part of said sum has ever been paid to said plaintiff, and that there remains due said plaintiff the sum of sixty dollars and eighteen cents gold coin therefor.   That on, to wit, the fifteenth day of January, 1878, said building was completed, and within thirty days thereafter, to wit, on the seventeenth day of January, 1878, said plaintiff filed for record with the County Recorder of said

city and county, a claim in writing, containing a true statement of his demand for said work and materials, after deducting all just credits and offsets, and showing that said sum of sixty dollars and eighteen cents in gold coin was justly due to him, said plaintiff, for his said labor and materials furnished, and also setting forth in said claim the name of the owner of said premises, to wit, Philip Wagner, and also the name of the person by whom he, said plaintiff, was so employed, to wit, George Walsh; with a statement of the terms, time given, and conditions of his said contract, and also a description of the property to be charged with his lien, sufficient for identification, which claim was verified by the oath of said plaintiff and was thereupon recorded in said Recorder's office.

" Plaintiff further avers that the whole of said land is necessary for the convenient use and occupation of said building. That he, plaintiff, paid two dollars and seventy-five cents for the said recording and verification of said claim; that one hundred dollars is a reasonable attorney's fee for plaintiff's attorney in this action, and that ninety days have not elapsed since the filing and recording of said claim. That said defendants, Mary Wagner, I. Wells, Bass, Doe, Roe, White, and Black, have each some claim against or lien upon said premises. Wherefore plaintiff prays judgment," etc.

The defendants, Philip and Mary Wagner, after denying specifically the allegations of the complaint in their answer, alleged substantially as follows: That the property belonged to Mary Wagner, the wife of Philip; that the original contractor was one Ivory Wells and not G. Walsh; that plaintiff contracted with Wells to do the tin work, etc., on the house for a fixed compensation; that he failed to comply with his contract and abandoned it; that Wells' agreement with the defendants was to furnish labor and materials and make the improvements upon the premises for one thousand five hundred dollars, payable in three equal installments, as the work progressed and upon the production of the certificate of an architect showing due performance; that after the second payment to Wells he also abandoned the contract, and they, the defendants, as authorized by the agreement, after three days' notice to Wells, hired other parties and completed the improvements at a cost to them of four hundred and thirty-

two dollars and twenty-three cents, leaving a balance of the original contract price in their hands of sixty-seven dollars and seventy-seven cents, which amount they had offered to pay to the plaintiff and the other claimants of liens, but as they refused to take it the defendants offered to pay the sum into Court.

The eleventh finding is as follows: That after the work had progressed so far as to entitle said Wells to said certificate of the architect entitling him to demand the said second payment of five hundred dollars, to wit, on the twenty-seventh day of December, 1877, said plaintiff notified orally and in writing said defendants, Wagner and Wagner, that he had performed the work, etc., for which he claimed said sixty dollars and eighteen cents, and had not been paid by said Wells, and requested payment therefor; that thereupon both of said Wagners told him he should be paid, and advised him to file a mechanic's lien therefor.

*J. C. Bates,* for Appellant.

*T. F. Bachelder,* for Respondent.

The Court:

The Court below found as a fact, defendants were notified orally and in writing, that plaintiff had performed work, etc., for which he claimed sixty dollars and eighteen cents, *before* defendants made the payment of five hundred dollars to the contractor.

The finding is entirely without the issues made by the pleadings. The complaint fails to allege that anything was due from defendants to the original contractor when plaintiff's lien was filed, or that defendants were notified or had any knowledge of the claim of plaintiff, prior to the payment in full of the amount due to the original contractor under his contract. The complaint contains no statement of a cause of action. (*Renton* v. *Conley,* 49 Cal. 187; *Wells* v. *Cahn,* 51 id. 423; *Dingley* v. *Greene,* 54 id. 333.)

Judgment affirmed.