[No. 9444.   Department Two. — June 17, 1886.]

A. J. TURNER, APPELLANT, *v.* JOHN STRENZEL ET AL. JOHN STRENZEL, RESPONDENT.

MECHANIC'S LIEN — MATERIAL-MAN — LIABILITY OF OWNER OF BUILDING. — A material-man who has furnished materials to the original contractor of a building, to be used by him in its construction, is only entitled to be paid therefor by the owner of the building from that portion of the contract price which remains due and unpaid to the contractor by the owner when the lien for the materials was filed.

ID. — ACTION TO ENFORCE LIEN — NECESSARY AVERMENTS — INSUFFICIENT COMPLAINT. — The complaint in an action to enforce the lien of a material-man is insufficient if it fails to allege that anything was due from the owner to the original contractor when the lien was filed, notwithstanding it alleges that during the construction of the building the owner compelled the contractor to abandon the work, took possession of the building, completed it, used the materials furnished the contractor in its completion, and withholds from the contractor a large portion of the contract price.

APPEAL from a judgment of the Superior Court of Contra Costa County.

The facts are stated in the opinion of the court.

*William & George Leviston,* and *William H. Fifield,* for Appellant.

The owner of the building, by preventing performance by the contractors and confiscating the materials furnished them, is liable for the liens of the materialmen, and is estopped from saying that no part of the contract price is due and unpaid. (*Preston* v. *Sonora Lodge,* 39 Cal. 117; *Shaver* v. *Murdock,* 36 Cal. 293; *Weber* v. *Weatherby,* 34 Md. 656; *Schwartz* v. *Saunders,* 46 Ill. 18.)

*Daniel Titus,* for Respondent.

The complaint was insufficient in that it did not allege that any money was due the original contractor when the lien was filed. (*Dore* v. *Sellers,* 27 Cal. 593; *Renton* v. *Conley,* 49 Cal. 187; *Wells* v. *Cahn,* 51 Cal. 423; *Dingley* v. *Greene,* 54 Cal. 333; *Rosekranz* v. *Wagner,* 62

Cal. 151; *Whittier* v. *Hollister,* 64 Cal. 283; *O'Donnell* v. *Kramer,* 65 Cal. 353.)

THORNTON, J.—Action by the assignee of material-men to foreclose what is alleged to be a mechanic's lien.

There was a demurrer by defendant Strenzel to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, which was sustained. The plaintiff declined to amend, and judgment was entered against him, from which judgment this appeal is prosecuted.

The complaint states that the defendant Strenzel was the owner of the premises on which he contracted with Sylvester and Langabee to erect a building for the sum of eight thousand two hundred dollars; that the contractors, Sylvester and Langabee, proceeded, under the contract, to erect this building on the premises aforesaid, and so continued until it was in an advanced stage, and they had earned and received two installments of the contract price of fifteen hundred dollars each; that while so engaged, they purchased the material sued for from the assignors of plaintiffs, Turner, Kennedy, & Shaw, to be used in the building; that the building has been completed and a lien filed in time; that the defendant Strenzel, from the commencement of the work, interfered with and impeded the contractors in the performance of the contract, and after they had progressed therein to the extent hereinbefore stated, and while they were faithfully performing the same, and had upon the faith of the contract purchased from various material-men, including Turner, Kennedy, & Shaw, large quantities of various kinds of building materials, to be used in the building, for which they had not and have not paid, defendant Strenzel, without right, and without the knowledge or consent of Turner, Kennedy, & Shaw, compelled the contractors to abandon their work on the building, expelled them from it, refused to allow them to

proceed with said work, took possession of the building, completed it, and used the materials purchased by the contractors in completing it, and has withheld and still withholds from the contractors the balance of the contract price, to wit, the sum of five thousand two hundred dollars, or thereabouts.

The other allegations of the complaint are of the assignment of the claim to plaintiff, of subordinate interests of the defendants other than Strenzel, followed by the usual prayer.

A material-man is only entitled to be paid from that portion of the contract price which remains due and unpaid to the contractor by the owner when he (the material-man) files his lien (*Rosekranz* v. *Wagner*, 62 Cal. 154, and cases there cited), and where the complaint fails to allege that anything is due from the owner to the original contractor when plaintiff's lien was filed, it does not contain a statement of a cause of action. This was so held in the cases above referred to.

There is no averment of the character just above stated in the complaint herein. It nowhere appears that the owner had not paid to the contractors prior to the filing of any lien by plaintiff's assignors all that was due to them.

Conceding that Strenzel by his acts in expelling the contractors and completing the building himself assumed the place of the contractors, stood in their shoes, and should be regarded as doing the work for the contractors, and that the work done by Strenzel on the building cost less than five thousand two hundred dollars, the remainder of the contract price leaving a balance due to the contractors, still, the complaint is not framed in this view. We must assume that the completion of the building cost Strenzel something, but there is no averment of the amount which he had to expend in completing it. It may have cost him more than five thousand two hundred dollars to complete it, and in such case

there would be no balance which the contractors would have a right to. Strenzel by his acts did not become bound to the material-men, or the plaintiff, their assignee, for the price agreed to be paid by the contractors for the materials purchased. The materials, under the allegations of the complaint, had become the property of the contractors. They were not when Strenzel took possession of them and used them in completing the building the property of either of the material-men or their assignee. Such being the case, we cannot see what right the plaintiff has to recover anything of Strenzel by reason of his having taken, even wrongfully, the materials referred to and used them in completing the building.

It is contended that Strenzel, having wrongfully prevented the contractors from doing the work while they were engaged in doing it, and seizing the materials purchased by them, and using them in finishing the building, is estopped from saying there is no fund, and that his property is not liable. If estopped, how far is he estopped? If there is an estoppel of the character supposed, it would be of no advantage to the plaintiff unless Strenzel was estopped to deny that the fund was not sufficient to pay off the claim of plaintiff. But we perceive nothing like an estoppel. Admitting the facts in the complaint to be true, he has committed a breach of contract, and has wrongfully converted some property of the contractors, for which he is responsible in damages to them, but not to the plaintiff.

The court below committed no error in sustaining the demurrer to the complaint.

As this disposes of the cause, it becomes unnecessary to consider the ruling of the court below in its order directing a certain portion of the complaint to be stricken out.

Judgment affirmed.

McKEE, J., and SHARPSTEIN, J., concurred.