[No. 11450.   Department Two.—August 25, 1886.]

W. R. WIGGINS, Appellant, v. MATTHEW BRIDGE et al., Respondents.

Lien of Material-man — Abandonment of Building by Contractor.— Completion by Owner — Payment of Contractor. — Where a contractor for the erection of a building abandons the work before its completion, after being paid in full by the owner for the work already done, a material-man is not entitled to a lien on the building for materials furnished the contractor for its construction, unless the owner afterwards completes it for a less amount than the balance of the contract price.

Appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Gardiner & Stephenson*, and *Paris & Goodcell*, for Appellant.

*Albert M. Stephens*, for Respondents.

McKee, J.—This is an appeal from a judgment in an action to foreclose a mechanic's lien.

The judgment was rendered upon a finding which shows that on the 5th of July, 1883, two of the defendants—Bridge, as an original contractor, and Phillips, as tenant of the Southern Pacific Railroad Company, in possession of the land described in the pleadings—entered into a building contract whereby Bridge agreed to construct upon the land a brick house according to certain plans and specifications, which he was to complete within fifty working days from the date of the contract, or forfeit ten dollars a day for every day beyond the

stipulated time, for which Phillips agreed to pay him $6,070, in part as work upon the building progressed, and in full upon performance of the work according to contract.

The contractor commenced to work. During its progress, the plaintiff sold and delivered to him for the work materials which were used in the building. The contractor failed to pay for them, and on the 8th of September, 1883, the plaintiff filed a claim of lien against the building.

It is alleged that at the time of filing the claim "there was due and unpaid to the contractor, as part of the contract price for the construction of the building, the sum of six hundred dollars"; and that "the building was completed on or about the 15th of September, 1883." These allegations were denied, and upon the issues raised by the denial the court finds that from time to time, as the work upon the building progressed, the owner of the building, without any notice of the claim of the plaintiff, paid to the contractor, and to the material-men and workmen on his orders, the sum of $5,283 for the work which had been done under the contract; that the work itself had been done in an unworkmanlike manner, and the contractor, after receiving payment for what had been done, failed and refused to finish the work. So that he did not complete the building on the 15th of September, 1883, according to the contract, or at all, in consequence of which, and of the unworkmanlike manner of the work which he performed, the owner sustained two thousand dollars damages; and at the time of the filing of the claim by the plaintiff, "there was not due or unpaid from the defendant Phillips to defendant Bridge, as part of the contract price, or at all, for the construction of said building, the sum of six hundred dollars, or any sum whatever."

Such being the fact, no lien in favor of the plaintiff attached to the building under the provisions of the

mechanics' lien law.   As was said in *Blythe* v. *Poultney*, 31 Cal. 234, the right of a material-man to a lien on the land and building, as against the owner, for materials furnished the contractor, depends for its existence upon the fact of an indebtedness from the owner to the contractor at the time of or subsequent to the notice.   (See also *Dore* v. *Sellers*, 27 Cal. 595; *Dingley* v. *Greene*, 54 Cal. 597; *Whittier* v. *Hollister*, 64 Cal. 283; *Rosenkranz* v. *Wagner*, 62 Cal. 151; *O'Donnell* v. *Kramer*, 65 Cal. 153; *Latson* v. *Nelson*, 11 Pac. C. L. J. 589; *Turner* v. *Strenzel*, 11 Pac. L. R. 389.)

Assuming, therefore, as the court finds, that when the plaintiff gave notice of his claim of lien upon the building there was nothing due and owing to the contractor upon the contract, as the contractor did not afterwards contribute anything to the construction of the building, and never completed it, he was not entitled to recover upon it; and under the lien law, a subcontractor or material-man is not entitled to enforce a lien against the building unless after the owner has completed the building there remains a balance of the contract price, which may be applied to the satisfaction of such a claim. But there is no finding, and we must presume there was no evidence, as there is no allegation in the complaint, that the owner of the building had the building completed for a less sum than what remained of the contract price after the contractor abandoned the work.

Judgment affirmed.

-  SHARPSTEIN, J., and THORNTON, J., concurred.