[No. 13318.  In Bank. — April 15, 1891.]

JOHN HINKEL, RESPONDENT, *v.* PATRICK DONO-
HUE ET AL., APPELLANTS.

EJECTMENT — DISMISSAL. — The plaintiff in an action of ejectment has a
right to dismiss the action as to any of the defendants who have not
been served with summons, or who have not appeared and set up an ad-
verse claim.

ID. — APPEAL — SERVICE OF NOTICE — CO-DEFENDANTS NOT APPEALING —
ADVERSE PARTIES. — Where, in an action of ejectment against several
defendants, the plaintiff filed a dismissal of the action before the service
of summons or appearance of any of the defendants, and afterwards two
of the defendants filed an answer and cross-complaint, asking affirmative
relief, and thereafter, upon motion of the plaintiff, the action was dis-
missed by the court, from which judgment of dismissal the cross-com-
plainants appeal, the other defendants not appealing are not adverse
parties within the meaning of section 940 of the Code of Civil Procedure,
and the notice of appeal need not be served upon them.

MOTION to dismiss an appeal from the Superior Court
of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Mich. Mullany, William Grant,* and *W. C. Burnett,* for
Appellants.

*O'Brien, Morrison & Daingerfield,* for Respondent.

McFARLAND, J. — This is a motion to dismiss an ap-
peal, upon the ground that the necessary parties were
not all served with notice of appeal.

The action is, in form, ejectment, and several persons
are named in the complaint as defendants. Before
either of the defendants had been served with summons
or had appeared, plaintiff's attorney filed with the clerk
of the court a dismissal of the action. Afterwards, two
of the named defendants — Patrick Donohue and Mary
Donohue — filed an answer, and also a cross-complaint,
asking affirmative relief. Thereafter, on motion of
plaintiff, the court made an order dismissing the action,

with costs to defendants.    From this order, or judgment, the said defendants Patrick and Mary Donohue appeal.

They did not serve the other defendants with their notice of appeal; and for this reason respondent contends that the appeal should be dismissed.

We do not think that the other defendants were adverse parties within the meaning of section 940 of the Code of Civil Procedure.    They would be entirely unaffected by any judgment that might be rendered on appeal.    The plaintiff in this action had a clear right to dismiss as to any of the defendants who had not been served, or who had not appeared and set up an adverse claim.    None of the authorities cited by respondent cover the case at bar.    If, on this appeal, the judgment of dismissal should be reversed as to the defendants who appeal, " it would still stand unreversed as to " either of the other defendants, " and therefore they would not be affected by a reversal."    (*Randall* v. *Hunter*, 69 Cal. 80. See also *Williams* v. *S. C. M. A.*, 66 Cal. 193.)    We think, therefore, that this present motion to dismiss the appeal should be denied.    But, of course, nothing is determined here that will affect the questions which will arise at the hearing of the appeal.

The motion to dismiss the appeal is denied.

PATERSON, J., SHARPSTEIN, J., HARRISON, J., DE HAVEN, J., GAROUTTE, J., and BEATTY, C. J., concurred.