[L. A. No. 303. Department Two.—December 6, 1897.]

S. F. DENISON et al., Respondents, v. ARNOLD BURRELL et al., Appellants.

MECHANICS' LIENS—BUILDING CONTRACT UNDER ONE THOUSAND DOLLARS—RIGHTS OF CONTRACTING PARTIES—CONSTRUCTION OF CODE.—Where the contract price for the erection of a building is less than one thousand dollars, the provisions of section 1184 of the Code of Civil Procedure, relative to the mode and time of payment, and the withholding of a percentage of the contract price for the benefit of lienholders, are not applicable; and it is permissible for the parties to contract for the payment of the whole amount before the commencement of the work, or after the completion of the building.

ID.—ABANDONMENT OF CONTRACT—COMPLETION OF BUILDING BY OWNER—RIGHTS OF LIEN CLAIMANTS.—The contract for less than one thousand dollars being valid, the liens of mechanics and materialmen cannot

be claimed for a greater amount than the sum due and unpaid to the contractor; and if nothing was due the contractor at the time of his abandonment of the contract, and he was to be paid by the terms of the contract only upon completion of the building, liens cannot be claimed for a proportional part of the contract price earned at the date of abandonment by the contractor, and if the building is completed by the owner of the building substantially as called for by the contract, the amount available for the liens of those who had furnished labor or materials to the contractor would be only the excess of the contract price remaining in the owner's hands after payment of the cost of completion.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. W. McKinley, Judge.

The facts are stated in the opinion of the court.

Murphy & Gottschalk, and Augustus A. Montano, for Appellants.

Sheldon Borden, E. M. Hanna, and Borden & Carhart, for Respondents.

HENSHAW, J.—This is an appeal from the judgment rendered against defendants in an action for the foreclosure of a materialman's lien.   The facts were stipulated, and upon them the court rendererd the judgment complained of.   The stipulation of facts is under agreement of the parties made a part of the judgment-roll, and may here be considered as the findings upon which the judgment was based.   (*Muller v. Rowell,* 110 Cal. 318.)

Defendant Metcalf had entered into a contract with defendant Burrell whereby he agreed to erect a frame cottage for the latter. The price was the sum of seven hundred and sixty dollars, payable, under the terms of the contract, upon the completion of the building by Metcalf and its acceptance by the owner.   Metcalf proceeded with the work until the sixteenth day of April, 1895, when he abandoned it.   At the time of the abandonment his contract was half completed.   Plaintiffs, materialmen, had furnished material to Metcalf to the value of two hundred and forty-three dollars and sixty cents, which material was actually used in the construction of the building.   Upon April 20th Burrell served notice upon Metcalf declaring his willingness and ability to per-

form his part of the contract, and calling upon Metcalf to do the same. Metcalf absolutely refused to proceed further with the work, when, upon May 1, 1895, Burrell caused work to be resumed upon the building, and completed it on the first day of June, substantially in the manner called for under the Metcalf contract. In so completing the building he actually and necessarily expended the sum of six hundred and seventy-six dollars. No part of the contract price had been paid by Burrell to Metcalf, as under the terms of that contract the whole amount of seven hundred and sixty dollars was to be paid only upon the completion and acceptance of the building. After the completion of the building, and upon June 8, 1895, Burrell served notice upon plaintiff that there remained in his hands of the contract price the sum of eighty-four dollars, which he was prepared to pay, as the court might direct, to the holders of valid liens. Upon the tenth day of June plaintiffs' lien was filed.

The court adjudged that, as half of the work under the Metcalf contract had been done, there was, measured by the contract price, the sum of three hundred and eighty dollars in the hands of Burrell available for the payment of liens, and decreed a lien in favor of plaintiffs for the amount sued for, with attorney's fees and costs.

The contract price being less than one thousand dollars, the provisions of section 1184 of the Code of Civil Procedure relative to the mode and time of payment, and the withholding of a percentage of the contract price, are not applicable. It was permissible for the parties to contract for the payment of the whole amount to the contractor before the commencement of the work, or, as was done in this case, to contract that payment should not be made until the whole building was completed. (*Kerckhoff-Cuzner etc. Co. v. Cummings*, 86 Cal. 22.) The cases upon which respondent relies, and which he contends oppose this construction, are those of *Dunlop v. Kennedy*, 102 Cal. 443, and *Golden Gate Lumber Co. v. Sahrbacher*, 105 Cal. 114, but these cases both had to do with contracts where the price exceeded one thousand dollars, and they are therefore inapplicable.

The contract being valid, it follows and is admitted that plaintiff's lien could not be for an amount greater than the sum in defendants' hands due and unpaid to the contractor under the

contract at the time of abandonment. But, under the terms of this contract, there was nothing due the contractor until the completion of the building. Defendant Burrell had the undoubted right to proceed with the construction, and to complete it, as he did, substantially as called for by the contract. So doing, the amount available for the liens of those who had furnished materials or labor to the contractor would be only the excess of the contract price remaining in the owner's hands after the payment of the cost of completion. (*Gibson v. Wheeler*, 110 Cal. 243.) The case is in principle exactly what it would have been had the owner, before the filing of the lien, paid to the contractor all of the contract price excepting eighty-two dollars. In such a case, the contract being valid, no lien for a greater amount could be permitted. (*Wiggins v. Bridge*, 70 Cal. 437.)

The judgment appealed from is reversed and the cause remanded.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.