[L. A. No. 813.   Department Two. — June 14, 1901.]

SOUTHERN CALIFORNIA LUMBER COMPANY, Respondent, v. MRS. E. S. JONES and E. W. JONES, Appellants.

BUILDING CONTRACT — PRICE LESS THAN ONE THOUSAND DOLLARS — PAYMENTS TO CONTRACTOR. — A building contract, where the contract price is less than one thousand dollars, need not be in writing nor recorded, and the provisions of section 1184 of the Code of Civil Procedure, with reference to the retention of twenty-five per cent of the contract price, do not apply.   The whole contract price may be paid in advance, or upon completion of the work, or in such installments as the parties may agree upon, and the installments are subject to change by agreement, both as to time and amount.

ID. — ABANDONMENT OF WORK — LIEN OF MATERIAL-MAN — COMPLETION OF WORK — PREMATURE PAYMENT TO CONTRACTOR. — Where the contractor, in such case, abandoned the work at a time when the whole amount unpaid in the hands of the owner of the building was required to complete the contract, a material-man who subsequently gave notice of his claim of lien is not entitled to enforce it on the alleged ground that a premature payment was made to the contractor.   Section 1201 of the Code of Civil Procedure has no application to the case.

ID. — PAYMENT FOR OTHER MATERIALS IN EXCESS OF CONTRACT PRICE — PLAINTIFF NOT PREJUDICED. — The plaintiff cannot be prejudiced by the fact that the owner of the building voluntarily paid a bill for other materials, in excess of the contract price.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion.

F. W. Burnett, for Appellants.

Borden & Carhart, for Respondent.

HAYNES, C. — This appeal is from a judgment against appellants, foreclosing a lien for materials furnished for the construction of a building.   C. A. Conant, the contractor, and certain fictitious persons were made defendants, but no judgment was taken against them.

Mrs. E. S. Jones is the owner of the lot upon which the house was built, and E. W. Jones is her husband, and acted as her agent.

On August 1, 1898, appellants entered into a contract with Conant for the erection of the house, by which Conant agreed to furnish the materials and labor and erect it for the sum of $837, and plaintiff agreed with Conant to furnish, and did furnish, lumber therefor of the value of $470.65, of which sum $389.05 remained unpaid. This lumber was furnished between August 6 and September 15, 1898.

The contract between appellants and Conant was in writing, and provided that the contract price should be paid in installments, as follows: "When lumber is on the lot and frame is up ready for the roof, $200; when roof is on and shingled, $200; when outside is finished, $200; when building is completed, $237,"—payments to be made on certificate of the architect.

On September 16th, Conant abandoned the work in an incomplete condition, and work was not resumed for more than thirty days. The court found that prior to September 16th there was paid to Conant three installments of $200 each, in accordance with the terms of the contract, and that $237 remained unpaid, and that it would cost $89.70 to complete the building. The court also found that on September 27th respondent gave written notice to appellants that it had furnished said lumber, and the value thereof, and, as a conclusion of law, that the amount of the contract price applicable to respondent's lien is $147.30, and gave judgment for that sum, with an attorney's fee of $50 and costs.

It was shown without controversy that there was paid to Conant on September 16, 1898, $150 in addition to the $600 found by the court to have been paid; but the court ruled that said $150 was paid prematurely, as it was not due under the contract until the building was completed, and should therefore be treated as money in the owner's hands and applicable to plaintiff's claim. In this ruling the court erred.

If Conant had completed the building, he would have been entitled to $237, the final payment. It was found that it would require $89.70 to complete the building. This amount, added to the payment of $150 claimed to have been prematurely made, exceeds the contract price by $2.70.

In the case of *Denison* v. *Burrell*, 119 Cal. 180, 182, it is said: "The contract price being less than one thousand dollars, the provisions of section 1184 of the Code of Civil Procedure relative to the mode and time of payment, and the withholding of

a percentage of the contract price, are not applicable. It was permissible for the parties to contract for the payment of the whole amount to the contractor before the commencement of the work, or, as was done in this case, to contract that payment should not be made until the whole building was completed" (citing *Kerckhoff-Cuzner Co.* v. *Cummings*, 86 Cal. 22); and it was held that the plaintiff's lien could not be for an amount greater than the sum in defendant's hands, due and unpaid to the contractor under the contract at the time of abandonment.

In the case at bar there was nothing due or unpaid to the contractor at the time he abandoned the work. The check for $150 left in the hands of the owner $87 of the contract price, the whole of which was required to complete the building. It is contended, however, that the payment of $150 was prematurely made, and therefore that sum must be deemed to be still in the hands of the owner, and applicable to the payment of the plaintiff's claim. But this contention cannot be sustained. The contract price was less than one thousand dollars, and in such case the requirements of section 1184 of the Code of Civil Procedure, relating to contracts where the amount exceeds one thousand dollars, do not apply. In that case, no part of the contract price is permitted to be paid before the commencement of the work, and at least twenty-five per cent of it must be retained for a specified time after completion, and the contract must be recorded. These requirements are for the benefit of third parties who furnish labor or materials; but where the contract price is less than one thousand dollars, the contract may be verbal; if written, it need not be recorded, and the whole of the contract price may be paid in advance of the commencement of the work, or upon completion, or in installments, as the parties may agree. In such case the payment of installments is subject to change by the agreement of the owner and contractor, both as to time and amount, as in the case of private contracts relating to other matters. If it were otherwise, — if the provisions as to the time and amount of payments, and the penalty imposed upon the owner for having anticipated payments, were intended to apply to contracts where the price was less than one thousand dollars, — we may safely assume that the statute would have required them to be in writing and recorded, or in other words, would have made no distinction based upon the amount of the contract price.

Section 1201 of the Code of Civil Procedure has no application to this case. The contract was not in violation of the statute, and the plaintiff had no lien to be affected. Whether plaintiff would have acquired a lien if it had given notice of its contract with Conant to furnish lumber while any part of the contract price to which the contractor was entitled remained unpaid, need not be considered, as notice was not given until after the abandonment of the work, when nothing remained in the owner's hand except what was required to complete the building.

The payment by the defendant of the hardware bill was voluntary, and, being in excess of the contract price of the building, did not prejudice the plaintiff.

The judgment should be reversed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.     McFarland, J., Temple, J., Henshaw, J.