[No. 43.  First Appellate District.—September 6, 1905.]

R. N. NASON, Respondent, v. WILLIAM JOHN, Appellant, and G. A. WILLIAMS, Co-Defendant.

MECHANICS' LIENS—FORECLOSURE AGAINST OWNER—CONTRACTOR NOT SUMMONED—APPEAL—SERVICE OF NOTICE.—Upon appeal by the owner from a judgment foreclosing mechanics' liens against him, the contractor, who was a mere nominal party defendant, and was not served with summons and did not appear, and against whom no judgment was rendered, need not be served with the notice of appeal.

ID.—INSUFFICIENT COMPLAINT AGAINST OWNER.—A complaint by a materialman against the owner which does not allege that at the time of filing the notice of lien or bringing the action, anything was owing from the owner to the contractor, nor allege any premature payment by the owner to the contractor, nor any other facts giving the materialman a lien against the property of the owner, is insufficient to state a cause of action.

ID.—AMOUNT OF CONTRACT NOT ALLEGED—PRESUMPTION.—Where it is
not alleged that the contract was for a sum in excess of one thousand
dollars, it must be presumed that the contract was not such a one
as is required to be in writing and recorded, but was one in which
the whole contract price may have properly been payable in ad-
vance, or in such installments as the owner and the contractor
may have agreed upon.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Otto tum Suden, for Appellant.

The complaint is insufficient.   It does not show that the
contract exceeds one thousand dollars, nor state any sum left
unpaid in the owner's hands, nor any facts entitling him to
a lien.   The evidence shows that the contract price was less
than one thousand dollars, in which case the owner was not
required to retain any part of the contract price.   (*Sidlinger*
v. *Kerkow*, 82 Cal. 44, 22 Pac. 932; *Dennison* v. *Burrell*, 119
Cal. 180, 51 Pac. 1; *Santa Monica L. and M. Co.* v. *Heges*, 119
Cal. 376, 51 Pac. 555; *Southern California L. Co.* v. *Jones*,
133 Cal. 242, 65 Pac. 378.)   The complaint does not allege
that any part of the contract price was left in the owner's
hands, and he could retain only such part as may have been
so left.   (*Wiggins* v. *Bridge*, 70 Cal. 437, 11 Pac. 754; *Kerck-
hoff etc. Co.* v. *Cummings*, 86 Cal. 26, 24 Pac. 814; *Gibson*
v. *Wheeler*, 110 Cal. 243, 42 Pac. 810; *Dennison* v. *Burrell*,
119 Cal. 180, 51 Pac. 1; *Dore* v. *Sellers*, 27 Cal. 588; *Blythe*
v. *Poultney*, 31 Cal. 233; *Wells* v. *Cahn*, 51 Cal. 423; *Renton*
v. *Conly*, 49 Cal. 185; *Dingley* v. *Greene*, 54 Cal. 333; *Rosen-
kranz* v. *Wagner*, 62 Cal. 151; *Whittier* v. *Hollister*, 64 Cal.
283, 30 Pac. 846; *O'Donnell* v. *Kramer*, 65 Cal. 353, 4 Pac.
204; *Turner* v. *Strenzel*, 70 Cal. 28, 11 Pac. 389; *Wiggins*
v. *Bridge*, 70 Cal. 437, 11 Pac. 754; *Harmon* v. *San Fran-
cisco etc. R. R. Co.*, 86 Cal. 617, 25 Pac. 124; *Southern Cali-
fornia L. Co.* v. *Jones*, 133 Cal. 242, 65 Pac. 378.)

C. L. Dam, for Respondent.

All ambiguities must be resolved in favor of the complaint,
and the complaint is sufficient.   (*Santa Barbara* v. *Eldred*,

108 Cal. 294, 41 Pac. 410.) The appeal should be dismissed for want of service of the notice upon the contractor. (*Lancaster* v. *Maxwell,* 103 Cal. 67, 68, 36 Pac. 951.)

HALL, J.—Defendant William John appeals from a judgment foreclosing a materialman's lien for $129.39 against him as owner.

Respondent in his brief moves that the appeal be dismissed, because no notice of appeal was served on Williams, the contractor and co-defendant with appellant. The decree, however, recites that "defendant G. A. Williams, not having been served with process, was not before the court." No judgment was taken against Williams.

Defendants not served with process and not appearing, and against whom no judgment is taken, need not be served with notice of appeal. (*Terry* v. *Superior Court,* 110 Cal. 87, [42 Pac. 464]; *Hinkel* v. *Donohue,* 88 Cal. 597, [26 Pac. 374]; *Merced Bank* v. *Rosenthal,* 99 Cal. 39, [31 Pac. 849, 33 Pac. 732]; *Clarke* v. *Mohr,* 125 Cal. 540, [58 Pac. 176].)

The motion to dismiss the appeal is denied.

Appellant contends that the judgment must be reversed for the reason that the complaint states no cause of action as against appellant. This contention must be sustained. The action is by a materialman against the owner (appellant) for the value of material (paints, etc.) furnished the contractor for the painting of the house of appellant.

There is in the complaint no attempt to allege that at the time of filing the notice of lien or of bringing the action there was anything owing from the owner (appellant) to the contractor, nor is any attempt made in the complaint to allege any fact, such as a premature payment by the owner to the contractor, or the like, that under section 1184 of the Code of Civil Procedure might be claimed to give the materialman a lien against the property of the owner for the value of his materials.

That such an allegation is necessary to state a cause of action in this class of cases is well settled by the following authorities: *Turner* v. *Strenzel,* 70 Cal. 28, [11 Pac. 389]; *Whittier* v. *Hollister,* 64 Cal. 283, [30 Pac. 846]; *Rosenkranz* v. *Wagner,* 62 Cal. 151; *Wells* v. *Cahn,* 51 Cal. 423; *Renton* v. *Conly,* 49 Cal. 185. See, also, *Harmon* v. *San Francisco*

*etc. R. R. Co.*, 86 Cal. 617, [25 Pac. 174] ; *Southern California L. Co.* v. *Jones*, 133 Cal. 242, [65 Pac. 378] ; *Dingley* v. *Greene*, 54 Cal. 333.

There is no allegation in the complaint that the contract between the owner and the contractor was for an amount exceeding one thousand dollars, and therefore the contract was not such a one as is required to be in writing and recorded, and the whole contract price may have properly been payable in advance, or in such installments and at such times as the owner and contractor may have agreed upon. (*Southern California L. Co.* v. *Jones*, 133 Cal. 242, [65 Pac. 378].)

Judgment is reversed.

Cooper, J., and Harrison, P. J., concurred.