[Civ. No. 446. First Appellate District.—March 16, 1908.]

J. S. McCUE, Appellant, v. W. JACKMAN, Respondent.

MECHANIC'S LIEN—ABANDONMENT BY CONTRACTOR—INSUFFICIENT
COMPLAINT BY MATERIALMAN.—A complaint by a materialman to
foreclose a lien, which shows that the contractor to whom the
materials were furnished for the construction of the building aban-
doned his contract, is insufficient where it fails to show that any
balance was due to the contractor when the work was abandoned,
or that the value of the work done and materials furnished by him
exceeded the sum then due to the contractor, or that there was any-
thing owing to the contractor when the lien was filed.

ID.—FINDINGS UNDER COMPLAINT—JUDGMENT UNSUPPORTED.—Findings
corresponding to such insufficient complaint cannot support a judg-
ment for the foreclosure of the lien.

APPEAL from a judgment of the Superior Court of Marin
County. Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

J. S. McCue, *in pro. per.*, and W. B. Crocker, for Appellant.

Edgar C. Chapman, for Respondent.

KERRIGAN, J.—Appellant sought by his action to fore-
close a mechanic's lien. The cause was tried, and judgment
went for respondent, from which judgment appellant prose-
cutes this appeal.

The appellant, pursuant to a contract between him and F.
J. Owens, the original contractor, furnished and delivered
to said Owens, to be used in the construction of six certain
houses of respondent, concrete amounting to the sum of
$124.40, to be paid for by said Owens on or before the com-
pletion of said buildings. In part the court found that the
respondent and said Owens entered into the agreement al-
leged; and in accordance therewith concrete amounting to
$124.40 was delivered, for which material no payment has
been made; that the lands described in the complaint are the
property of the respondent; but the court also found as fol-
lows: "That it is not a fact that the said buildings or any of
them were completed under said contract between said F. J.

Owens and said defendant Wm. Jackman, but in this behalf the court finds that during the month of July, 1904, said F. J. Owens abandoned the work of construction of said buildings, whereupon on the 10th day of August, 1904, the defendant William Jackman, at the instance of Dodge & Oliver, who were the architects employed by him to superintend the work of drawing plans and specifications, and to superintend the erection of said buildings, filed in the office of the County Recorder of Marin County, State of California, a notice, wherein it was stated that for the period of more than thirty (30) days next preceding the 8th day of August, no work had been performed upon said buildings or any of them by said F. J. Owens, and that said F. J. Owens had abandoned the work of the construction of said buildings.''

By this last finding it appears that the buildings were not finished by Owens, but that the contract was abandoned by him. This finding brings the case within the rule of section 1200 of the Code of Civil Procedure, which is as follows: ''In case the contractor shall fail to perform his contract in full, or shall abandon the same before completion, the portion of the contract price applicable to the liens of other persons than the contractor shall be fixed as follows: From the value of the work and materials already done and furnished at the time of such failure and abandonment, including materials then actually delivered or on the ground, which shall thereupon belong to the owner, estimated as near as may be by the standard of the whole contract price, shall be deducted the payments then due and actually paid, according to the terms of the contract and the provisions of sections one thousand one hundred and eighty-three and one thousand one hundred and eighty-four, and the remainder shall be deemed the portion of the contract price applicable to such liens.''

Appellant, in order to recover, should have alleged and proved that the value of the work and materials done and furnished, including the materials delivered or on the ground, at the time of the abandonment, exceeded the amount due and paid to the original contractor. This he neglected to do. If there was no such balance there was no sum applicable to plaintiff's claim. In no aspect of the case, however, does the complaint or the findings state a cause of action, for it is not shown in either of them that there was anything owing from

the respondent to Owens, the original contractor, when appellant's claim of lien was filed. A materialman who has furnished materials to the original contractor of a building, to be used by him in its construction, is only entitled to be paid by the owner of the building when there is something owing and unpaid from the owner to the original contractor. (*Turner* v. *Strenzel,* 70 Cal. 28, [11 Pac. 389].)

The judgment is affirmed.

Hall, J., and Cooper, P. J., concurred.