[Civ. No. 2238.    Second Appellate District.—May 14, 1917.]

BAILEY ORNAMENTAL IRON COMPANY (a Corporation), Appellant, v. EMMA M. GOLDSCHMIDT et al., Respondents.

MECHANIC'S LIEN—IMPROVEMENT NOT EXCEEDING ONE THOUSAND DOLLARS—LAW PRIOR TO CODE AMENDMENTS OF 1911.—At all times prior to the amendments of sections 1183 and 1184 of the Code of Civil Procedure, which became effective on June 30, 1911, the law permitted an owner of real property, in causing the construction of any improvement thereon at a cost of not more than one thousand dollars, to provide for such improvement by a contract not filed in the recorder's office, or even by an oral contract, and to pay the consideration therefor whenever it pleased him to do so; and the provisions of such code with reference to putting in writing building contracts, and filing them for record, and as to the mode and time of payment and the withholding of a percentage of the contract price, were not applicable to such an improvement.

ID.—ORAL CONTRACT UNDER ONE THOUSAND DOLLARS—EXECUTION PRIOR TO CODE AMENDMENTS—PERFORMANCE SUBSEQUENT—AMENDMENTS INAPPLICABLE.—The amendments of 1913 to sections 1183 and 1184 of the Code of Civil Procedure are not applicable to an oral contract for the construction of a balcony on a dwelling entered into prior to the date that such amendments became effective, where the amount of the contract price was less than one thousand dollars, although the work was not commenced until after such amendments became effective.

ID.—RIGHT OF LIEN—STATUTORY ENACTMENT ESSENTIAL.—The declaration of article XX, section 15, of the constitution that mechanics, materialmen, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished material, for the value of such labor done and material furnished, and that the legislature should provide, by law, for the speedy and efficient enforcement of such liens, is inoperative except as supplemented by legislative action, and until the enactment of the necessary statute the lien contemplated by the constitution does not exist.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Andrew J. Copp, Jr., for Appellant.

E. B. Coil, for Respondents.

CONREY, P. J.—Action to enforce a mechanic's lien claimed by the plaintiff. The plaintiff appeals from the judgment.

In March, 1911, the defendant Emma M. Goldschmidt, being about to cause the erection of a dwelling-house on land owned by her in the city of Los Angeles, entered into an oral contract with the Imperial Iron & Machine Company, under which that company agreed to construct for her a certain iron balcony as a part of the proposed building. The price for the work was to be $268; no time for the payment being named in the agreement. Mrs. Goldschmidt paid an installment of this price on May 18 and the remainder thereof on June 3, 1911, although at those times none of the work had been done. On June 26, 1911, the Imperial Iron & Machine Company entered into an oral contract with the plaintiff for the construction of said balcony. The work was commenced by the plaintiff on the seventh day of July and completed on the sixteenth day of August, 1911. Later the building was completed, and a notice of claim of lien in due form was filed for record by the plaintiff.

At all times prior to June 30, 1911, the law permitted the owner of real property, in causing the construction of any improvement thereon at a cost of not more than one thousand dollars, to provide for such improvement by a contract not filed in the recorder's office, or even by an oral contract, and to pay the consideration therefor whenever it pleased him to do so; and the provisions of the Code of Civil Procedure with reference to putting in writing building contracts, and filing them for record, and the provisions of that code relative to the mode and time of payment and the withholding of a percentage of the contract price, were not applicable thereto. "It was permissible for the parties to contract for the payment of the whole amount to the contractor before the commencement of the work." (*Denison* v. *Burrell*, 119 Cal. 180,

[51 Pac. 1]; *Southern California Lumber Co.* v. *Jones,* 133 Cal. 242, [65 Pac. 378].)

Sections 1183 and 1184 of the Code of Civil Procedure were amended by a statute which became effective on June 30, 1911. (Stats. 1911, p. 1313 et seq.) If these amendments are applicable to the present case, the plaintiff was entitled to enforce its claim of lien; otherwise the judgment in favor of defendants should be affirmed. The argument for appellant relies upon that section of the state constitution which declares that ''mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the legislature shall provide, by law, for the speedy and efficient enforcement of such liens.'' (Const., art. XX, sec. 15.) Appellant contends that its substantive right is given by the constitution; that the mechanic's lien law relates only to the remedy; and that therefore no obligation of contract is violated by allowing it a lien for construction work which was not commenced until July 7, 1911, although it was done pursuant to contracts entered into prior to the 30th of June. This contention cannot be sustained. Referring to the section of the constitution quoted above, the supreme court said: ''This declaration of a right, like many others in our constitution, is inoperative except as supplemented by legislative action. So far as substantial benefits are concerned, the naked right without the interposition of the legislature is like the earth before the creation, 'without form and void,' or to put it in the usual form, the constitution in this respect is not self-executing.'' (*Spinney* v. *Griffith,* 98 Cal. 149, [32 Pac. 974].) The foregoing decision could not have been rendered except upon the theory that the constitutional provisions do not create a complete right and that the actual right of lien, as well as the remedy for its enforcement, is derived from the statute, and that until the enactment of the necessary statute the lien contemplated by the constitution cannot exist.

It is a familiar rule that the law in force at the time a contract is executed enters into and forms a part of the contract. (*Barnitz* v. *Beverly,* 163 U. S. 118, [41 L. Ed. 93, 16 Sup. Ct. Rep. 1042]; *Welsh* v. *Cross,* 146 Cal. 621, 624, [106 Am. St. Rep. 63, 2 Ann. Cas. 796, 81 Pac. 229].) When Mrs. Goldschmidt contracted with the Imperial Iron & Machine

Company for the construction of the balcony and paid that company for the work, there was not in existence any law under which, after she paid the contract price, her property could be subjected to a "mechanic's lien" of a subcontractor whom the contractor might thereafter employ to do the work. She was under no obligation to prevent the contractor from having the work done by third persons, and she was not bound to take notice of the fact that on and after the 30th of June there would be a different law governing such contracts.

Counsel for appellant has referred to a few California decisions which he thinks favor his position; but, in our opinion, they do not benefit his case. The principal decision discussed by him on this point is *McCrea* v. *Craig,* 23 Cal. 522. There it appeared that on April 26, 1862, a law was passed in relation to liens of mechanics and others, which took effect June 25, 1862, the last section of which repealed all prior laws upon the subject. The action was one to enforce a lien for materials furnished to the contractor. The plaintiff had commenced to furnish those materials prior to June 25th, but did not complete the furnishing of them or file his notice of lien until after the new law went into effect. Although his lien was deemed to have been acquired, and his notice related back to the time when he commenced furnishing the materials, nevertheless it was held that, after the new statute went into effect, all subsequent acts or proceedings relating to the lien or its enforcement were governed by and must have been in accordance with its provisions. The right of lien came within the earlier statute, but the subsequent steps of procedure for the enforcement of the lien were governed by the law as amended.

In *Andrews & Johnson Co.* v. *Atwood,* 167 Ill. 249, [47 N. E. 387], it appeared that Atwood, the owner of the property, entered into a contract with a contractor for the erection of a building upon his lot. Thereafter and while the building was in course of construction, the mechanics' lien law was amended so as to extend lien rights to a class of persons not included in the law as it was when the contract was made. In the decision the new class of claimants was conveniently designated by the term "sub-subcontractors." The court said that if the amending act should be held to govern contracts entered into before the act was passed, it would be an act impairing the obligation of contracts and would clearly

fall within the inhibition of the constitution.   (See, also, *Kendall* v. *Fader*, 199 Ill. 294, [65 N. E. 318].)

In *Bass* v. *Williams*, 73 Mich. 208, [41 N. W. 229], a similar question arose.   The court said: "Applying the statute coming in force in June, a burden was at once cast upon the owners, which they did not assume when the contract was made—that is, to refuse payment to Williams until they had gone among the men and inquired of each and every one of them if their labor had entered into the shingles, and, if so, whether they had each been paid; or to have kept a strict account of each laborer's time, and the work done, and then to see that each was paid before making payments to Williams, or to pay to Williams at the peril of having the shingles seized and held under the lien which the statute gives.   We are satisfied that this statute cannot be applied to a contract made before the statute took effect.   It impairs the obligation of the contract, and comes plainly within the inhibition of the constitution."   Applying to this case the reasoning of the foregoing decisions, we think that the amendments of 1911 are not applicable in this case and that no right of lien became vested in the plaintiff.

The judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.